ELLIS, Judge.
Kenneth A. Plead was continuously employed by the Louisiana Department of Highways from May 29, 1957 until February 25, 1964. On this latter date he was “retired” under authority of LSATR.S. 42:-691 (Act 54 of 1958) admittedly having attained the age of sixty-five and having been covered by Federal Social Security since sometime prior to going to work for the Highway Department.
That statute is quoted as follows:
“A. Effective January 1, 1959, any employee of the state of Louisiana, or any political subdivision thereof, except elected officials and department heads appointed and commissioned by the governor, who is insured under the Federal Social Security Law, or who is a member of any public employees’ retirement system, and for whom the state or any political subdivision thereof has made or is liable for contributions toward his retirement, who shall have attained the age of sixty-five years shall be separated from the public service by his appointing authority if such employee is eligible for retirement under either the Social Security Act or the retirement system of which he is a member. If such an employee is not eligible for retirement under either the Federal Social Security Act or the retirement system of which he is a member separation shall occur whenever he shall become eligible for retirement under either system or upon attainment of age seventy, whichever event shall first occur. In any case in which the appointing authority certifies that the continuance in service of the employee who shall have attained the age of sixty-five or over would be advantageous to the public service by reason of his expert knowledge and qualifications, such employee may be continued in the public service by his appointing authority beyond the age of sixty-five for periods of one year.
“B. Nothing contained in this Section shall be construed as granting any extension to any member of a retirement system which has a provision requiring an earlier mandatory retirement age; and provided further that nothing herein contained shall be construed to in any manner affect the mandatory retirement age for teachers or college presidents.”
Appellant obtained a hearing before the Civil Service Commission by virtue of a notice of appeal dated February 7, 1964 in the form of a letter which contained the following statement which we interpret as the same as an allegation, viz:
“There is no basis for the retirement of Mr. Head under the provisions of R.S. 42:691, inasmuch as the Statute does not fit him. We say this for the Statute provides that after January 1, 1959, any employee of the State ‘who is insured under the Federal Social Security Law or who is a member of any public employees’ subdivision thereof has made or is liable for contributions towards his retirement,’ shall be separated upon reaching the age 65. Thus, we state that Mr. Head is not subject to this provision of the law inasmuch as there are three conditions. First, he must be 65, which he is. Second, he must be subject to the Federal Social Security Law, which he is. *348 Third, the underscored provision must be applicable. It is clear that the Highway Department has not made any contributions toward his retirement pay from the Social Security. Therefore, it is obvious from the Statute that Mr. Head is not covered by it.
“As soon as Mr. Head completes his ten years of service, which will he in approximately three years from now, then, of course, the Statute would be applicable to him. In behalf of Mr. Head, we request a hearing at the earliest available time, praying for his reinstatement.”
The appellant’s appeal is therefore based upon a contention or allegation that he had been separated from his employment without legal right or just cause. The commission exproprio motu dismissed Mr. Head’s appeal on the ground that its self-made Rule 12.9 was applicable, which apparently operates to divest the Commission of jurisdiction in retirement cases and denies the employee the right of appeal to the Commission. This rule reads as follows:
“Retirement.
“If a classified employee is retired he is considered as separated without prejudice and does not have a right of appeal to the Commission.”
Mr. Head has appealed from the ruling of the Commission and his counsel sets forth the following Specifications of Errors in his brief:
“SPECIFICATIONS OF ERRORS
“(1) The said Commission erred in holding that it was without jurisdiction to hear appellant’s appeal.
“(2) The said Commission erred in holding that appellant was without a right of appeal under its Rule 12.9.
“(3) The said Commission erred in failing to hold that appellant was dismissed from the State Classified Service without cause.
“(4) The said Commission erred in failing to hold that R.S. 42:691 was inapplicable to appellant under the facts-as found by the Commission.
“(5) The said Commission erred in failing to hold that appellant should be reinstated.
“(6) The said Commission erred in failing to hold that appellant should be reinstated with full pay for lost time under its Rule 13.28.”
Errors 1 and 2 charged to the Commission by Counsel for appellant relate to the question of jurisdiction while 3 and 4 concern the merits of the case, and 5 and 6 would only be considered should the Court agree the appellant is correct in his assertion that the Commission erred in refusing jurisdiction in this case, and should the Court* rather than remanding the case to the Commission, proceed with the merits, and agree also that appellant was dismissed from the State classified service without cause which would involve the necessity of holding that LSA — R.S. 42:691 is inapplicable to appellant under the facts as found by the Commission.
We are in thorough accord with the .contention of the appellant that the Commission erred in holding that it was without jurisdiction to hear appellant’s appeal because he was without a right of appeal under its Rule 12.9. We say this because we are of the opinion that the Louisiana Constitution specifically places exclusive jurisdiction in the Commission to hear and decide all appeals and the legality of all removal cases. Louisiana Constitution, Article 14* Sec. 15, Subsection (N) (1), LSA reads:
“Employees’ rights and obligations; dismissal, etc., for cause. No person in the State or Classified Service, having acquired permanent Civil Service status, shall be demoted, dismissed, or discriminated against, except for cause, *349 expressed in writing by the appointing authority, (a) The burden of proof on appeal, as to the facts, shall be on the employee.”
In such cases appeals are governed by Constitutional Article 14, Sec. 15(0) (1):
“Appeals; jurisdiction; decision; judicial review. There is vested in the State Civil Service Commission and in the appropriate Civil Service Commissions for the several cities respectively the exclusive right to hear and decide all appeals and the legality of all removal and disciplinary cases. The decision of the appropriate Civil Service Commission shall be final on the facts * * »
The jurisdiction of the Commission must be adjudged upon the Constitutional provisions and cannot be affected by the enactment of any rule, even though the Commission does have rule-making power in connection with its prescribed duties. The rule-making power, was never intended to allow the Commission by rule to change the boundaries of its jurisdiction as set forth in the Constitution. We are considering a case in which the plaintiff has been employed in the State or Classified service and had acquired a permanent Civil Service Status, who has been either separated or dismissed or retired. Regardless of whether technically it’s either one of the three, he alleges in his letter of complaint requesting an appeal to the Commission in effect that such action was without legal right or just cause because LSA — R.S. 42:691, under which the employing authority admittedly removed him from the service, was inapplicable as the Highway Department did not contribute to his retirement under Social Security but only for separation, which he contends is a dismissal.
We believe that on the face of the rule it is unconstitutional as it attempts to fix the jurisdiction of the Commission and to deny the right of appeal to a classified employee who was removed and under the law who has a perfect right to question such removal as being without legal right or just cause. In order to ascertain the jurisdiction of the Commission, the constitutional provision fixing such jurisdiction is the one and only' source.
Counsel has called the attention of this court and cited the case of Slicho v. City of New Orleans, 235 La. 305, 103 So.2d 454, wherein the Supreme Court specifically passed on the question of whether a district court was vested with jurisdiction to entertain an action for a declaration of rights under the Civil Service Law of this State. In this case a detective of the New Orleans Police Department brought suit in the Civil District Court to enjoin the Department from dismissing him for refusal to answer certain questions propounded to him by agents of the United States Internal Revenue Service and by the United States Grand Jury, on the ground that his answers might tend to incriminate him. As a basis for the injunctive relief complainant sought a judgment declaring Section 15 (P) (1) of the State City Civil Service Law, which is incorporated in the Louisiana Constitution as Section 15, Article 14, to be unconstitutional. The matter was tried in the Civil District Court, Parish of Orleans, and the District Judge after hearing granted the prayer for relief and appeal was taken to the Supreme Court of the State of Louisiana. The latter court in passing upon the matter stated:
“We find it unnecessary to determine whether Slicho has a right to continue the litigation for, assuming that he has, the judgment cannot stand as the district court was without jurisdiction to entertain an action for a declaration of rights under the Civil Service Law of this State.
“Section 15 of Article 14, which was added to the Constitution on November 4, 1952, is a complete ordinance, covering comprehensively all phases of civil service employment in this State and in cities having a population in excess *350 of 250,000 inhabitants (City of New Orleans) as well as those with populations between 50,000 and 250,000 which may elect to come thereunder. It provides for the establishment of civil service commissions, upon whom are conferred broad powers, in their administration of all matters pertaining to civil service. These commissions are given extensive rule-making powers which have the effect of law, are invested, by Section 15 (O) (1), with the exclusive right to hear and decide all appeals involving the demotion, suspension or disciplining of a classified employee and are conferred, by Paragraph 2 of Section 15 (O), the right genérally to hear the complaints of all persons in the classified service * * who allege that they have been deprived of their rights or discriminated against under the provisions of this Section, * * such persons being granted * * the right of appeal before the appropriate Commission.”
“Thus, it is seen that any employee aggrieved by the acts of the appointing authority may take his complaint to the Civil Service Commission which is given the exclusive jurisdiction to hear it.”
* * * * * *
“The judge also thought that, because this was a proceeding for a declaratory judgment coupled with an injunction, he had the right to take cognizance of it.
“We find this view unsound as the Declaratory Judgment Act (R.S. 13 :- 4231-4246) provides merely a simplified procedural remedy for the determination of civil disputes. Burton v. Lester, 227 La. 347, 79 So.2d 333. It did not and could not bestow additional jurisdiction, as jurisdiction of the courts in Louisiana is established by the Constitution and is conferred only by the people. The legislative department has no such power.”
If a case presents a question of the authority, right, or cause for the separation, dismissal, or retirement of a civil servant under the Civil Service laws the Commission does not have the power to make any rule which would in any wise extend or limit or interpret the jurisdiction conferred upon it by the Constitution of the State of Louisiana.
For the above and foregoing reasons, we hold that Rule 12.9 is unconstitutional, and therefore null, void and of no effect, and that in this case the Civil Service Commission has exclusive jurisdiction of this appeal.
Although we háve the entire record before us and have seriously considered deciding the question presented on the merits, we do not believe we have such jurisdiction in view of the fact that the Civil Service Commission has not exercised the exclusive jurisdiction conferred upon it by the Constitution, and we would, in effect, be assuming jurisdiction of an appeal which at this time is denied us by the Constitution of the State of Louisiana. In the Slicho case, cited above, the Supreme Court in effect passed upon this very question. It stated:
“In assuming jurisdiction of the case, the trial judge placed emphasis on the fact that the Civil Service Law granted to the commissions the exclusive right to hear 'appeals’ and that, this being a suit for a declaratory judgment, it did not involve disciplinary action on the part of the appointing authority.
“This view is not tenable. The word ‘appeal’ as used in the constitutional amendment is not intended to signify a review by a judicial body of the action taken by another judicial body; it is used in the sense that the commissions are the established tribunals wherein all aggrieved civil servants must file their complaints, the hearing before the appropriate commission being the first adversary proceeding of a judicial nature available to the complainant.”
*351 It is, therefore, ordered that this matter he remanded to the Civil Service Commission for its consideration of plaintiff-appellant’s appeal consistent with the views herein expressed.
Reversed and remanded.