310 So.2d 113 (1975)
Louis G. HEBBLER, Jr.
v.
NEW ORLEANS FIRE DEPARTMENT.
No. 55375.
Supreme Court of Louisiana.
March 31, 1975.
Robert Glass, New Orleans, for plaintiff-applicant.
Blake G. Arata, City Atty., Michael A. Starks, New Orleans, Atty. for New Orleans Fire Dept.
MARCUS, Justice.
Louis G. Hebbler, who had enjoyed permanent status under civil service as a fire fighter with the New Orleans Fire Department, was suspended and later dismissed by said department. On appeal, the court of appeal ordered that he be restored to his *114 former position.[1] In this proceeding, Hebbler seeks to enforce the right accorded to him under R.S. 49:113 "to be paid by the employing agency all salaries and wages withheld during the period of illegal separation." In addition to city base pay, plaintiff claimed that mandatory overtime and holiday pay, as well as state supplemental pay, were to be included in "salaries and wages." It was stipulated between the parties that the following amounts of pay (other than city base pay) were withheld during the period of illegal separation from March 25, 1971 to June 18, 1973: city mandatory overtime pay $2,083.20; city mandatory holiday pay $744.60; state supplemental pay$3,458.00. Only city base pay ($15,063.78) was held to be due Hebbler by the Civil Service Commission of the city of New Orleans. The court of appeal rendered judgment for the mandatory overtime and holiday pay, but rejected Hebbler's claim against the New Orleans Fire Department for the state supplemental pay. However, it ordered the New Orleans Fire Department to forward a warrant to the State Fire Marshal duly executed in accordance with R.S. 33:2004 in the amount of $3,458.00, the sum claimed as state supplemental pay.[2]
The New Orleans Fire Department did not seek rehearing; it acquiesced in the judgment by the payment of the sum ordered. Hebbler complained that the failure of the court of appeal to order his employing agency, New Orleans Fire Department, to pay him the lost state supplemental pay as salaries and wages was contrary to R.S. 49:113. Rehearing was refused and we granted certiorari.[3]
State supplemental pay for firemen was created by Act No. 82 of 1963 enrolled as R.S. 33:2001 et seq. Extra compensation, in addition to compensation paid by any municipality, parish or fire protection district maintaining a fire department, is paid to the employee according to a schedule set out in law. La.R.S. 33:2002, as amended by Acts 1973, No. 187, § 1. A special fund in the treasury of the state of Louisiana is created for the supplemental salaries. Id. 33:2003, as amended by Acts 1974, No. 296, § 1. Warrants drawn by mayors or parish officials with a list of qualified employees are forwarded to the State Fire Marshal. Id. 33:2004, as amended by Acts 1967, No. 82, § 1. After approval from the Fireman's Supplemental Pay Board, as provided in R.S. 33:2009, the State Fire Marshal shall prepare, sign and mail checks to each individual employee. Id. 33:2004(B). Such supplemental pay must be included by the municipal or parish officials who prepare the payrolls "in the calculation and deduction from the pay of such employees of the sums required by state or federal law to be withheld by an employer, such as federal income tax and social security tax or contributions to local retirement systems." Id. 33:2004(C). Municipal or parish officials shall also include the supplemental pay in the calculation and computation of the total wages paid to the employee in the determination of employer contributions to any retirement system or pension fund of which such employee may be a member and in the determination of any other employee benefits, sick leave, or disability pay to which the employee might be entitled. Id. 33:2004(D).
Act No. 191, Section 1 of 1960 (R.S. 49:113) provides:
Employees in the state or city civil service, who have been illegally discharged from their employment, as found by the appellate courts, shall be entitled to be paid by the employing agency all salaries and wages withheld during the period of illegal separation, against which amount shall be credited and set-off all wages and salaries earned by the employee in private employment in the period of separation.
*115 It is clear from this statute that an illegally discharged employee, as found by the appellate courts, shall be paid by his employing agency all salaries and wages so withheld. Hebbler contends that the statute commands the New Orleans Fire Department, as his employing agency, to pay him the withheld state supplemental pay. He argues that no distinction is made in the statute as to the source of funds for salaries and wages. Rather, one party, the employing agency, is responsible for repayment of all salaries and wages withheld.
Defendant New Orleans Fire Department concedes that the state supplemental pay under R.S. 33:2002 et seq is part of plaintiff's salaries and wages within the intendment of R.S. 49:113; however, it contends that, since this supplemental pay is paid by the state, plaintiff must seek reimbursement of the extra compensation due him during his illegal separation from the state and not from the New Orleans Fire Department. The court of appeal agreed with this contention. Although recognizing that R.S. 49:113 explicitly mandates the employing agency to make the employee whole for all salaries and wages withheld because of improper termination of employment, it nevertheless construed the statute to mean that the employing agency is responsible only for the benefits under its control. The court considered that any other construction would render R.S. 49:113 penal and not remedial in nature.
We find this reasoning to be erroneous. The statute makes no distinction as to the source of salaries and wages of an illegally discharged employee. Therefore, in our view, it matters not that the supplemental pay is funded by the state. The pivotal issue is whether the state supplemental pay is part of salaries and wages withheld during the period of illegal separation. If the answer is in the affirmative, Hebbler is entitled to recover same from his employing agency (New Orleans Fire Department).
The language of R.S. 49:113 is clear and unambiguous. It mandates that civil service employees who have been illegally discharged from their employment, as found by the appellate court, shall be entitled to be paid by the employing agency all salaries and wages withheld during the period of illegal separation, less credit for set-off of wages earned in private employment. When a law is clear and free from all ambiguity, it must be given effect as written. La.Civil Code art. 13 (1808); La.R.S. 1:4 (1950); State v. Murray, 222 La. 950, 64 So.2d 230 (1953); Succession of McRacken, 162 La. 443, 110 So. 645 (1926); Hava v. Cafiero, 157 La. 1007, 103 So. 294 (1925). There can be no doubt but that the state supplemental pay under R.S. 33:2002 et seq is part of a fireman's salaries and wages within the intendment of R.S. 49:113. This conclusion is fortified by the fact that R.S. 33:2004(C) requires that deductions be made from the supplemental pay in the same manner as other salaries and wages, and R.S. 33:2004(D) also requires the employing agency to include state supplemental pay in its calculation of total wages in determining the employer's contributions to any retirement or pension plans, sick leave, etc.
Additionally, Hebbler is entitled to the state supplemental pay only as a result of his employment as a fireman with the New Orleans Fire Department. In other words, it is a benefit resulting from his employment as a fireman. Also, the payment of the state supplemental pay is clearly within the control of the New Orleans Fire Department, as warrants had to be drawn by the mayor or other parish officials certifying him as a qualified employee to the State Fire Marshal. Under these circumstances, it cannot be said that the New Orleans Fire Department did not control the payment of Hebbler's state supplemental pay during the period in question.
Hence, we conclude that the legislative intent was to make the reinstated employee whole. Since the state supplemental pay is part of Hebbler's salaries and wages withheld during the period of illegal separation *116 and was lost directly as a result of his illegal discharge by the New Orleans Fire Department, he is entitled to be reimbursed for same by his employing agency. This is in accordance with the explicit mandate of R.S. 49:113. However, we are not passing upon the right, if any, of the New Orleans Fire Department to seek reimbursement from the state for the payment of the state supplemental pay herein ordered to be paid Hebbler by the New Orleans Fire Department. Accordingly, we reserve all rights which it may have to seek recovery of same from the state.
For the reasons assigned, the judgment of the court of appeal is affirmed in part and reversed in part. It is recast so as to order the Department of Fire, City of New Orleans, to pay to the plaintiff, Louis G. Hebbler, Jr., in addition to the city base pay withheld during the period of his separation, the sum of $2,827.80 (mandatory overtime pay and holiday pay) and the sum of $3,458.00 (state supplemental pay), against which amounts shall be credited and set-off all salaries and wages earned by plaintiff during the period of separation. Costs are to be assessed against the Department of Fire, City of New Orleans, according to law.
NOTES
[1] Hebbler v. Department of Fire, 279 So.2d 224 (La.App.4th Cir. 1973).
[2] Hebbler v. New Orleans Fire Department, 299 So.2d 825 (La.App.4th Cir. 1974).
[3] 302 So.2d 32 (1974).