387 So.2d 1248 (1980)
The ROMAN CATHOLIC CHURCH OF the ARCHDIOCESE OF NEW ORLEANS; The Congregation of St. Julian Eymard Roman Catholic Church and Brothers of the Sacred Heart (Brother Martin High School)
v.
STATE of Louisiana, DEPARTMENT OF LABOR, OFFICE OF EMPLOYMENT SECURITY.
No. 13541.
Court of Appeal of Louisiana, First Circuit.
June 9, 1980.
Rehearing Denied September 4, 1980.
*1249 Thomas A. Rayer, New Orleans, for plaintiffs-appellees The Roman Catholic Church of the Arch-Diocese of New Orleans, etc.
William R. D'Armond, Baton Rouge, for intervenor-appellee St. James Episcopal Church.
Hugh T. Ward, Shreveport, for intervenor-appellee Trinity Heights Baptist Church.
Willie D. Maynor, Baton Rouge, for defendant-appellant State of Louisiana, Dept. of Labor.
Before ELLIS, CHIASSON and PONDER, JJ.
ELLIS, Judge:
This is a class action in which plaintiffs and intervenors, all of whom operate private non-profit parochial schools, seek a declaratory judgment exempting the employees of those schools from the provisions of the State Employment Security Law, R.S. 23:1471 et seq., and ask for reimbursement of amounts paid under protest pursuant thereto. Defendant is the State of Louisiana, Department of Labor, Office of Employment Security. From a judgment in favor of plaintiffs and intervenors, defendant has appealed.
The record shows, without contradiction, that the parties hereto, plaintiffs and intervenors, Catholic and Protestant, operate private parochial schools, elementary and secondary, on a non-profit basis. All schools are owned and operated by religious non-profit corporations or by churches which are operated as religious non-profit corporations. In every case, the policies of these schools provide that they are operated primarily as instruments for the teaching of the Christian religion and the Christian way of life. In all cases, the teaching of secular subjects is considered to be of secondary importance.
Prior to 1977, R.S. 23:1472(12)F III provided in part, as follows:
"III. For the purposes of subparagraphs (I) and (II) of this Paragraph the term `employment' does not apply to service performed;
"a. In the employ of (i) a church or convention or association of churches, or (ii) an organization which is operated primarily for religious purposes and which is operated, supervised, controlled or principally *1250 supported by a church or convention or association of churches; or
. . . . . .
"c. . . . in the employ of a school which is not an institution of higher education;. . . ."
By Act 745 of 1977, subparagraph c, supra, was amended to read as follows:
"(c) Prior to January 1, 1978, in the employ of a school which is not an institution of higher education; after December 31, 1977, in the employ of a governmental entity referred to in Subparagraph I of this Paragraph if such service is performed by an individual in the exercise of duties:
"(i) As an elected official;
"(ii) As a member of a legislative body, or a member of the judiciary, of this state or its political subdivisions.
"(iii) As a member of the State National Guard or Air National Guard;
"(iv) As an employee serving on a temporary basis in case of fire, storm, snow, earthquake, flood, or similar emergency;
"(v) In a position which, under or pursuant to the laws of this state, is designated as (1) a major nontenured policymaking or advisory position, or (2) a policymaking or advisory position the performance of the duties of which ordinarily does not require more than eight hours per week."
This amendment has the effect of eliminating the exemption of employees of an elementary or secondary school from the provisions of the act. The following allegations of the first petition filed herein are admitted by the defendant:

"11.
"Plaintiffs aver that the Congress of the United States amended the provisions of 26 USC 3309(b) by the adoption of Public Law 94-566 (90 Stat. 2667-2670) which had the effect of specifically eliminating the exclusion for services performed in the employ of non-profit elementary and secondary schools which had been previously included in the federal law as part of Section 3309(b) of the Internal Revenue Code of 1954.

"12.
"Plaintiffs aver that the Secretary of Labor of the United States has construed the amended Section 3309(b) as requiring state employment insurance coverage to be extended to employees of all private nonprofit elementary and secondary schools irrespective of the nature of the school or its affiliation or relationship to a religious denomination or church.

"13.
"Public Law 94-566 has been subsequently interpreted by the Secretary of Labor of the United States, Honorable Ray Marshall, as mandating the extension of employment insurance coverage to church-related schools, . . ."
It is plaintiffs' and intervenors' position herein that, despite the repeal of former Subsection c of R.S. 23:1472(12) F III, the employees of their school systems remain exempt from the coverage of the Employment Security Law under the provisions of R.S. 23:1472(12) F III (a), supra. Alternatively, they argue that the repeal of Subsection c is an unconstitutional violation of plaintiffs' rights under the First Amendment to the Constitution of the United States, and of Article I of the Louisiana Constitution of 1974.
The trial judge found the language of 23:1472(12) F III (a) to be clear and unambiguous, and "obviously means that the institutions in question are not subject to the tax." He therefore did not reach the constitutional questions alternatively presented by plaintiffs.
We think the trial judge was correct. There is nothing in the record to contradict the testimony offered on behalf of all plaintiffs and intervenors that their schools are operated primarily for religious purposes, and the employees of the schools are employees of the churches. These employees, therefore, clearly fall within the exemption provided by R.S. 23:1472(12) F III (a), supra. *1251 The fact that Subsection c has been amended so as to eliminate the exemption of employees of non-profit private elementary and secondary schools, cannot change the fact that, under the former law, employees of church related schools enjoyed a dual exemption. They now remain exempt.
Defendant urges that the intent of the legislature in repealing former Subsection c was to eliminate the exemption formerly enjoyed by the religiously associated elementary and secondary schools. Defendant points to Secretary of Labor Marshall's interpretation of Public Law 94-566 as mandating such a result because the repeal was supposedly undertaken to conform the Louisiana employment security law to federal guidelines.
The rules of statutory interpretation in Louisiana are clear that a law which is free from all ambiguity must be given effect as written, and that legislative intent may only be considered when the law is subject to more than one reasonable interpretation. Hebbler v. New Orleans Fire Department, 310 So.2d 113 (La.1975).
If the legislature did indeed err in expressing its intention, it is not the function of the judicial branch to correct such an error where it creates no ambiguity. Rada v. Administrator, Div. of Emp. Sec., State, D. of L., 319 So.2d 460 (La.App. 4th Cir. 1975), writ denied 323 So.2d 128.
The judgment appealed from is therefore affirmed, at defendant's cost.
AFFIRMED.