KLEES, Judge.
This appeal arises from a Civil Service Commission’s order reducing plaintiff’s termination to a thirty day suspension. Plaintiff, Ralph Roby, had been employed as a Buyer II by the City of New Orleans Department of Finance. Roby was terminated on February 14, 1985 for “insubordination and a negative attitude toward the performance of (his) duties.” The plaintiff appealed to the Civil Service Commission, which reduced plaintiffs termination to a thirty day suspension. The appointing authority, the Department of Finance, now appeals the decision of the Civil Service Commission, arguing that the Commission erred in modifying the disciplinary action taken.
Plaintiff, Ralph Roby, had been employed as Buyer II for the Department of Finance in February, 1985. In late January-early February of 1985, Mr. Bobby Major, Director of Finance, ordered mandatory overtime for all employees until the department could catch up on its work. On Monday, February 11, 1985 all employees were notified that they would be required to work overtime, probably the entire week. All employees unable to work overtime were told to put their reasons in writing.
Plaintiff, in his memo to Mr. Major, stated that he had a transportation problem as he and his wife shared an automobile to and from work. He added, “Second, I do not believe this is a true emergency and feel that I should not be forced to work. Third, I will not work overtime.” The plaintiff did not work overtime February 11 through February 14. On February 14, 1985, plaintiff received a letter from Mr. *1098 Major, Director of Finance, terminating his position. Mr. Major cites as the reason for termination the plaintiff’s insubordination and negative attitude towards the performance of his duties. The appointing authority found that the plaintiff acted in an insubordinate manner when he took it upon himself to decide whether an emergency existed, combined with his refusal to work overtime.
The Director of Finance also stated that plaintiffs negative attitude contributed to his termination. The finding of plaintiff’s negative attitude was based upon complaints discussed in a memorandum dated May 8, 1984. The Commission found that this memorandum was basically a reprimand, and had been previously discussed between plaintiff and his supervisors. The Commission correctly declined to consider the May 8,1984 reprimand in its decision as reprimands are not appealable to the Civil Service Commission.
The Commission agreed with the appointing authority that plaintiff’s refusal to work coupled with his determination that an emergency did not exist was an act of insubordination. However, the Commission held that this one act of insubordination did not justify plaintiff’s termination, and reduced the disciplinary action taken to a thirty day suspension. The Department of Finance now appeals contending that the Commission went beyond its scope of review in modifying the disciplinary action taken.
The Civil Service Commission has the duty to decide independently, based on the facts presented, whether the appointing authority has good and lawful cause for taking disciplinary action and, if so, whether the punishment imposed is commensurate with the dereliction. Walters v. Department of Police of New Orleans, 454 So.2d 106 (La.1984); Thomas v. Department of Welfare, 454 So.2d 839 (La.App. 4th Cir.1984).- This duty to decide disciplinary cases includes the authority to modify as well as reverse or affirm a penalty. However, the Commission does not have the authority to reduce a penalty except upon a determination that there is insufficient cause for the greater penalty. Chandler v. Department of Streets, 394 So.2d 812 (La.App. 4th Cir.1981); Branighan v. Department of Police, 362 So.2d 1221 (La.App. 4th Cir.1978), writ denied, 365 So.2d 247 (La.1978).
Cause for discipline of a person who has gained permanent status in the classified civil service has been interpreted to include conduct prejudicial to the public service in which the employee in question is engaged or detrimental to its efficient operation. Walters v. Department of Police, supra; Leggett v. Northwestern State College, 242 La. 927, 140 So.2d 5 (1962); Brickman v. New Orleans Aviation Board, 236 La. 143, 107 So.2d 422 (1958); Jais v. Department of Finance, 228 La. 399, 82 So.2d 689 (1955); Gervais v. New Orleans Department of Police, 226 La. 782, 77 So.2d 393 (1955).
An employee’s refusal to work overtime when there exists a backload of work is clearly detrimental to the efficient operation of the department. Mr. Earl Conra-vey, Bureau Chief for Purchasing, testified that the mandatory overtime was ordered due to a backload of purchase orders which needed to be processed. If these orders were not acted upon, there existed the possibility that the city’s vendors may have refused to comply with future purchase orders. Further, when an employee, such as Mr. Roby, takes it upon himself to determine a policy question, the department’s efficient and orderly operation is hampered. Allowing every employee to make policy determinations, such as whether an emergency exists, would result in chaos, and ultimately reduce the workload produced by the employees. The actions of the plaintiff, if not disciplined, could lead to the decline of the department’s morale, and the loss of respect and leadership ability of the department’s management staff. We conclude that such actions are clearly detrimental to be efficient operation of the De *1099 partment of Finance, and constitute sufficient cause for disciplinary action.
An appellate court may reverse the Commission’s factual findings only if such findings are manifestly erroneous or clearly wrong. Bruno v. Department of Police, 462 So.2d 139 (La.1985); cert. denied, — U.S. -, 106 S.Ct. 39, 88 L.Ed.2d 32 (1985). Walters v. Department of Police, supra. The Commission’s finding that the plaintiff acted in an insubordinate manner is clearly established by the record, and therefore, not manifestly erroneous. The Commission’s determination that plaintiff’s act of insubordination did not justify termination may be reversed by the appellate court only if such determination (as to the existence or absence of cause for dismissal) is arbitrary, capricious or is characterized by an abuse of discretion. Walters v. Department of Police, supra. Jones v. Louisiana Department of Highways, 259 La. 329, 250 So.2d 356 (1971); Konen v. New Orleans Police Department, 226 La. 739, 77 So.2d 24 (1954); Thomas v. Department of Welfare, supra. While we may not agree with the Civil Service Commission’s determination that one act of insubordination is not sufficient to justify plaintiff’s termination, we can not say that the Commission’s determination was arbitrary, capricious or characterized by an abuse of discretion.
Disciplinary action is taken not only to punish but also to instruct the wayward employee as to appropriate behavior in the workplace. A thirty day suspension is severe enough to punish an insubordinate employee as well as instruct the employee that insubordination is not allowed, and that policy decisions are the management’s domain. Further, in the present case, only one act of insubordination had occurred. There was no evidence that the plaintiff consistently acted in an insubordinate manner or that he consistently questioned the policy decisions of his superiors. The Commission acted within its discretion in reducing plaintiff’s termination to a thirty day suspension.
Accordingly, the judgment of the Civil Service Commission is affirmed.
AFFIRMED.