CRAIN, Judge.
This is an appeal of decisions of the Civil Service Commission finding that a 15 day suspension was wrongful and awarding back pay of wages and salaries, but denying that wages and salaries encompass amounts that could be earned in private employ during off-duty hours. Appellant also appeals a referee’s grant of a summary dismissal of Mr. Sterling’s appeal of a 60 day suspension from special detail employment, holding that the Civil Service Commission has no jurisdiction over such employment.
FACTS
Byron Sterling is a permanent status employee of the Dock Board, Port of New Orleans. He was suspended from his job as a harbor policeman for 15 days due to automobile accidents on 1/11/85 and 6/14/85. After a hearing, a referee determined that the suspension was unwarranted and awarded back pay of wages and salaries, including amounts that could have been earned doing off-duty, private, “special details.” In some instances Harbor police work special details for private employers in their off-duty hours. The policemen who work these special details maintain a fund, the Harbor Police Special Detail Fund, to pay the participating policemen and their supervisors. The State does not participate in this fund. The individual policemen are responsible for payment of their own federal, state and social security taxes on funds earned through special details, and these amounts are not taken into consideration in determining wages or benefits of the policemen.
Special detail work is approved by the superintendent of the Harbor Police. Participation in special details is voluntary on the part of the individual officers. Byron Sterling had signed up, and been assigned, to work one of the special details. Due to the suspension he was ineligible to work the special detail. The referee awarded damages for the amounts lost both in salaries and wages and special duty wages. The State Civil Service Commission affirmed the award of damages insofar as salaries and wages but denied reimbursement of wages lost from the inability to work special details.
In a separate incident on March 3, 1986, while working on a special detail, Byron Sterling was reported for an altercation with a motorist. After an investigation by the Internal Affairs Department of the *1124 Harbor Police, it was determined that Mr. Sterling had violated four Harbor Police rules and regulations. It was determined that Sterling would be suspended from special detail work for 60 days. This decision was made by Sergeant Turner, Special Detail Supervisor and approved by Superintendent A.T. Ben of the Harbor Police Department. The suspension notice was printed on the letterhead of the Harbor Police, President of the Special Detail Fund, Port of New Orleans. Mr. Sterling brought an action through the Civil Service Commission. The referee determined that the suspension was not ordered by the proper appointing authority and was not considered a disciplinary action on Byron Sterling within the course of his employment as a classified civil service employee and summarily dismissed the appeal. Application for review of the referee’s decision by the State Civil Service Commission was denied.
The issues for review are whether the term “wages and salaries” as used in La. R.S. 49:113 includes amounts that could be earned in private employment in off-duty hours and whether the Civil Service Commission has the jurisdiction to render a decision regarding a disciplinary action concerning private employment of civil servants in their off-duty hours.
THE 15 DAY SUSPENSION BY APPOINTING AUTHORITY
La.R.S. 49:113 states:
Employees in the state or city civil service, who have been illegally discharged from their employment, as found by the appellate courts, shall be entitled to be paid by the employing agency all salaries and wages withheld during the period of illegal separation, against which amount shall be credited and set-off all wages and salaries earned by the employee in private employment in the period of separation, (emphasis supplied)
In Hebbler v. New Orleans Fire Department, 310 So.2d 113 (La.1975), the Louisiana Supreme Court held that state supplemental pay for city firemen was part of the “wages and salaries” referred to in La.R.S. 49:113 and ordered the city to reimburse the wrongfully discharged employee for supplemental pay lost as a result of the discharge. The appellant contends that Hebbler stands for the proposition that funds from private sources for off-duty employment falls within the terms “wages and salaries” as used in La.R.S. 49:113. Hebbler cannot be construed so broadly. In Hebbler the issue was state supplemental pay for city firemen for performing their regular duties as firemen for the city. Statutes require that the supplemental pay be computed in the determination of retirement and pension contributions by the employer and in deductions for state and federal income taxes and social security taxes. None of these facts are present in the instant case. The Harbor Police do not factor the special detail pay in making computations regarding pensions, retirement programs, state and federal income taxes or social security taxes. But, the strongest distinction between Hebbler and the present case is that the special detail pay is not “wages and salaries” for duties as a Harbor Patrolman. The special details are an option for off-duty Harbor Patrolmen whereas the firemen in Hebbler were drawing state supplemental pay for performing their ordinary duties. Wages earned through special details are not subject to state or city participation, nor are they guaranteed. In some instances the private employers have gone bankrupt or withheld payment for other reasons and the participating patrolmen did not get paid. The Dock Board does not govern the special detail fund. The private employer makes payment directly into the fund, and the officers are then paid. Each officer pays a nominal fee to pay the expenses incurred by the fund: bookkeeper, check-writing machine and necessary forms. The fund is privately maintained, and participation is on a voluntary basis. There are no “guaranteed details.” Payment for special details depended on actual work by the officer and payment by the private employer to the fund. If the officers do not work or the employers do not make payment to the fund, the officer does not get paid. There are no sick leave exceptions to this rule.
We find that the fund is a private employment arrangement and not within the *1125 jurisdiction of the Civil Service Commission to regulate. In addition, we do not find that Hebbler is to be construed so broadly as to include amounts earned in private employment during off-duty hours as “wages or salaries” as used in La.R.S. 49:118. This assignment is without merit.
THE 60 DAY SUSPENSION FROM SPECIAL DETAILS
Civil Service Commission Rule 13.10 provides in part:
An appeal may be made to this Commission by:
(b) Any person in the Classified Service who, having acquired permanent tenure, alleges that he has been demoted, dismissed, discriminated against, or subjected to any disciplinary action contrary to any provision of the Article or of the Rules of this Commission.
(c) Any person in the Classified Service who alleges that he has been deprived of any right, discriminated against, or adversely affected by the violation of any provision of the Article or of any Rule of this Commission.
The appellant contends that the Civil Service Commission has the jurisdiction to determine if the 60 day suspension from “special detail” work was in error. The referee hearing the case found as facts that the special details were worked by off-duty police officers who wear their uniforms while working the detail; that the officers who work these details are paid for these services from a fund maintained by a private association of police officers; that payment is made directly from the private employer to the fund; and that the fund is not under the control of the State of Louisiana or any political subdivision thereof.
The Harbor Police who work special details must do so in accordance with the Harbor Police regulations for on-duty officers. These regulations were adopted by the harbor police officers working special details as a means of self-regulation. This procedure was approved by the Dock Board. Suspension from special details is the enforcement mechanism for regulation infractions. Superintendent Archie Ben, in his capacity as president of the Special Detail Fund, is authorized by the officers participating to suspend officers from special details for regulation infractions. The appellant contends that since the Dock Board has approved the regulatory system of the Special Detail Fund, any action by Superintendent Archie Ben, as president of the Special Detail Fund, is an action by the appointing authority. It is argued that the appointing authority has delegated the authority to Superintendent Archie Ben to act on behalf of the Dock Board regarding enforcement of regulations as to off-duty officers participating in special details.
We find no merit to this contention. The Dock Board did insist on some form of regulation to ensure that off-duty officers participating in special details would not bring embarrassment to the dignity of the Harbor Police. Archie Ben, in his capacity of head of the Special Detail Fund, not as superintendent of the Harbor Police issued the suspension. Superintendent Archie Ben was not the appointing authority for the Dock Board. Ms. Parket was the appointing authority for the Dock Board and there has been no delegation of this authority to Superintendent Archie Ben. Even though the investigation was conducted by the Internal Affairs Department of the Dock Board and the suspension notice was printed on Dock Board letterhead, the employment in question is still private employment and is not part of employment as a Harbor Policeman. It might be more desirable to regulate disciplinary actions by the Special Detail Fund in another manner, but the handling of the present matter does not change the nature of the employment from private to civil service. The referee was correct in declining jurisdiction. The Civil Service Commission lacks the authority to render a decision regarding the suspension or the special detail fund.
The decisions of the State Civil Service Commission are affirmed. All costs of this appeal are assessed against the appellant.
AFFIRMED.