WARD, Judge.
Officer Geraldine Prudhomme appeals a Civil Service Commission ruling rejecting her claim that her interdepartmental transfer within the New Orleans Police Department was sexually discriminatory. We affirm the Commission ruling.
Geraldine Prudhomme, a Police Officer II, was assigned to the RTA/Transit Police Division from December 1, 1986 until October 28, 1988. Sergeant Robert Gostl, the unit commander, requested her transfer from the transit unit because the nature of the assignment often required members of that unit to work unsupervised and Prud-homme did not work well without supervision. She retained her Police Officer II classification after the transfer but she lost the $189.12 per week supplement transit police received from the RTA. Officers assigned to the transit division received this additional pay as compensation for not being able to work “paid details”, that is those duties an officer may perform outside of normal police duties for additional pay provided by private employers.
Prudhomme appealed her transfer to the Civil Service Commission contending the transfer was sexually motivated hence discriminatory.
A reviewing court should apply the clearly wrong or manifest error rule prescribed generally for appellate review in deciding whether to affirm Civil Service Commission’s factual findings. Walters v. Dept. of Police of New Orleans, 454 So.2d 106 (La.1984); LSA-Const. Art. 10, § 12.
Ms. Prudhomme argues that the commission erred by placing the burden of proof on her instead of the appointing authority, the New Orleans Police Department. She contends Rule II, § 4.4 of the Rules of Civil Service Commission for the City of New Orleans is applicable:
The burden of proof on appeal, as to the facts, shall be on the appointing authority except as provided in Section 4.8 of this Rule, (amended June 10, 1982)
Prudhomme’s contentions are meritless.
In her letter to the acting director of the Civil Service Commission, Prudhomme advised she wished to appeal “a work assignment decision of the Department of Police which ... resulted in a reduction of her *597 pay which was based on no facts other than her sex.” Additionally, in his opening statement to the commission examiner, Prudhomme’s counsel reiterated that the appeal “was filed as a charge of sexual discrimination, which we are prepared to go forward and prove today.”
It is readily apparent from the record, Prudhomme’s appeal was predicated on a charge of sexual discrimination. That being so, Article 10 Section 8 of the Louisiana Constitution and Section 4.8 of Rule II of the Civil Service Commission rules require that Prudhomme bear the burden of proving discrimination.
Article 10, § 8 provides:
(B) Discrimination. No classified employee shall be discriminated against because of his political or religious beliefs, sex, or race. A classified employee so discriminated against shall have the right of appeal to the appropriate commission pursuant to Section 12 of this Part. The burden of proof on appeal, as to the facts, shall be on the employee.
Section 4.8 of Rule II reads:
In all cases of alleged discrimination, the burden of proof on appeal, as to the facts, shall be on the appellant, (amended June 10, 1982)
In her testimony before the examiner, Prudhomme failed to substantiate her allegations. She vaguely referred to an unexplained problem between her and a fellow female transit officer which necessitated a meeting with Sergeant Gostl. During that meeting a discussion ensued about how the other female officer came to the transit division. Prudhomme testified that Gostl commented that he was sorry he had gotten the other female officer into the transit division. She did not elaborate further on Gostl’s remarks. When she was questioned about any sexually discriminatory comments directed to her during her employment with the RTA unit, Prudhomme replied: “That is the only statement he had made.” Prudhomme offered no further testimony to prove discrimination and called no witnesses on her behalf. Unquestionably, Prudhomme failed her burden of proof.
Even if the burden of proof was on the appointing authority, as Ms. Prud-homme contends, the appointing authority carried the burden of proof to show legitimate reasons for Prudhomme’s transfer from the RTA.
Sergeant Gostl, Prudhomme’s immediate supervisor, testified at length why he requested Prudhomme’s transfer from the RTA unit. Among reasons he cited were Prudhomme’s inability to work without close supervision, her argumentative nature, and her inability to take constructive criticism or counseling.
Sergeant Jeffery Vappie, a second ranking officer corraborated Sergeant Gostl’s testimony and agreed with the opinion that Ms. Prudhomme needs close supervision. Both officers explained that the position of RTA officer demands a great deal of individual responsibility for duties and ability to handle details—capabilities Prudhomme lacked.
Finally, Prudhomme complains her transfer was procedurally defective because it did not comply with Rule IX Section 1.3 of the City Civil Service Commission rules:
In every case of termination, suspension, reduction in pay, or fine of any employee in the classified service or of involuntary retirement or demotion of the employee, within five (5) working days of the effective date of the action, the Appointing Authority shall furnish the employee and the Director of Personnel a statement in writing of the reasons therefor. The notification also must advise the employee of the possible right of appeal which must be exercised within thirty (30) calendar days of the date of the disciplinary letter, (amended January 21, 1988, effective February 1, 1988)
Specifically, Prudhomme contends the department’s failure to provide her with a written notice of transfer requires a reversal of the Commission’s ruling. We do not agree.
Rule IX applies to disciplinary actions. Prudhomme was not disciplined. She was transferred from one duty station to anoth *598 er with no reduction in her police pay. Chief Woodfork of the New Orleans Police Department testified transfers within the Department are always discretionary, and that the overtime pay for hours worked by the transit officers are completely funded by the RTA, not the police department; hence, this supplemental pay is not paid from the police department’s budget and Prudhomme suffered no reduction in police pay.
Prudhomme contends that RTA overtime payment was part of her police pay, relying on Hebbler v. New Orleans Fire Department, 310 So.2d 113 (La.1975) as support for her position that regardless of the source of those payments they are nonetheless a part of her salary which she lost by virtue of the transfer and are in fact appealable. Thus, she argues, Rule IX Section 1.3 above required written notice.
We find Hebbler is inapposite to this dispute because that case dealt with statutorily imposed state supplemental pay to all firemen. The pay at issue in this appeal is supplied by a private employer to specifically assigned officers. There was no reduction in police pay.
For the foregoing reasons we cannot say the Commission was manifestly erroneous in its finding that Prudhomme “appealed her transfer because she lost [the] additional pay and not because of sexual discrimination”; nor do we find that written notice of a reduction in pay was required.
AFFIRMED.