| iFOGG, Judge,
dissenting.
For the following reasons, I respectfully dissent. City/Parish Ordinance Number 9877, Section 8:7(C) states that the City/Parish shall dismiss any employee who reports for work or performs work with a sufficient amount of alcohol in his or her blood, or anabolic steroids, marijuana, cocaine, amphetamines, opiates, or phencyclidine, or metabolites of these classes of drugs, in his or her urine to result in a positive test.
The general rulés of statutory construction applicable to this case are set forth in Bunch v. Town of St. Francisville, 446 So.2d 1357, 1360 (La.App. 1 Cir.1984) as follows:
The statutory' and jurisprudential rules for the construction and interpretation of state statutes are applicable to the construction and interpretation of municipal and parochial ordinances. Lieber v. Rust, 388 So.2d 836 (La.App. 2nd Cir.1980), affirmed, 398 So.2d 519 (La.1981); Louisiana Television Broadcasting Corp. v. To tal C.A.T.V., 341 So.2d 1183 (La.App. 1st Cir.1976), writ refused, 343 So.2d 1076 (La. 1977). When a law or ordinance is clear and free from all ambiguity, it must be given effect as written. La.C.C. art. 13; La.R.S. 1:4; Hebbler v. New Orleans Fire Department, 310 So.2d 113 (La.1975); Roman Catholic Church of Archdiocese of New Orleans v. State, Department of Labor, Office of Employment Security, 387 So.2d 1248 (La.App. 1st Cir.1980), writ denied, 394 So.2d 607 (La.1980).
Under the ordinance, dismissal upon a positive drug test is mandatory. That Jones did not intentionally ingest the prohibited substance is of no moment. City/Parish Ordinance Number 9877, Section 8:7(C) is clear and free from all ambiguity; therefore, the courts are obligated to give it effect as written. LSA-C.C. art. 13; LSA-R.S. 1:4; Hebbler v. New \2Orleans Fire Department, 310 So.2d 113 (La.1975); Lor, Inc. v. Martin Exploration Co., 489 So.2d 1326 (La.App. 1 Cir.), writ denied, 493 So.2d 1217 (La.1986). Accordingly, it is inappropriate seek out the intent of the City/Parish Council and to rewrite the ordinance to effect a purpose that is not therein expressed. Rather, the judgment of the trial court should be reversed.