103 So.2d 454

Vladimir SLICHO

v.

CITY OF NEW ORLEANS, deLesseps S. Morrison, Mayor of the City of New Orleans, and Col. Provosty A. Dayries, Superintendent, Department of Police, City of New Orleans.

No. 43542.

May 26, 1958.

Rehearing Denied June 27, 1958.

Alvin J. Liska, City Atty., Beuker F. Amann, Asst. City Atty., New Orleans, for defendants-appellants.

Clem H. Sehrt, Edward J. Boyle, Dudley A. Philips, Jr., Virgil M. Wheeler, Jr., New Orleans, for plaintiff-appellee.

McCALEB, Justice.

Vladimir Slicho, employed as a detective on the New Orleans Police Department and a permanent employee under the City Civil Service, instituted this suit against the City of New Orleans, its Mayor and the Superintendent of the Department of Police, Colonel Provosty A. Dayries, to enjoin his threatened dismissal by Dayries for refusal to answer certain questions propounded to him by agents of the United States Internal Revenue Service and by the United States Grand Jury, on the ground that his answers might tend to incriminate him. As a basis for the injunctive relief, complainant sought a judgment declaring Section 15(P) (1) of the State and City Civil Service Law, which is incorporated in the Louisiana Constitution as Section 15 of Article 14, to be unconstitutional. The pertinent part of the assailed provision reads:

"If * * * any officer or employee in the State or City Civil Service shall willfully refuse or fail to appear before any civil Service Commission, court, or judge, any legislative committee, or any officer, board or body authorized to conduct any hearing or inquiry, or having appeared shall refuse to testify or answer any question relating to the affairs or government of the State of (or) city, or the conduct of any State or city officer or employee on the ground that his testimony or answers would tend to incriminate him, or shall refuse to waive immunity from prosecution on account of any matter about which he may be asked to testify at any such hearing or inquiry, he shall forfeit his office or position and shall not be eligible thereafter for appointment to any position in the State or City Service for a period of ten years."

Subsequently, Justice M. Vairin instituted a similar action for a declaratory judgment and his case was consolidated with this one for trial in the district court and the cases argued together on appeal.

The defendants, who were temporarily restrained from taking any action against Slicho, appeared on the day fixed for hearing below and pleaded to the jurisdiction

of the court ratione materiae and also filed an exception of no right of action. In their answers, defendants admitted that the Superintendent of Police had instructed Slicho to appear before the Intelligence Division of the Internal Revenue Service and respond to all questions propounded to him by its agents and that, should he fail or refuse to do so, he would be discharged in conformity with the provisions of Section 15(P) (1) of Article 14 of the Constitution.

The judge overruled the plea and exception and, after a hearing, granted the prayer for relief, holding that Section 15 (P) (1) of Article 14 was violative of the due process clause of the Fourteenth Amendment to the Constitution of the United States. This ruling was predicated on the belief that the decision in Slochower v. Board of Higher Education of New York City, 350 U.S. 551, 76 S.Ct. 637, 100 L.Ed. 692, controlled the instant matter. Defendants have appealed.

Since the appeal, Slicho has retired from the Police Department and it is agreed by opposing counsel that the question of injunctive relief has passed out of the case. The City Attorney additionally argues that Slicho's retirement has rendered moot the entire proceeding but plaintiff's counsel say that, since a violation of Section 15 (P) (1) of Article 14 of the Constitution disqualifies the employee for appointment to any position in the State or City Civil Service for a period of ten years, the issue of plaintiff's right to have his status adjudged is still in esse.

We find it unnecessary to determine whether Slicho has a right to continue the litigation for, assuming that he has, the judgment cannot stand as the district court was without jurisdiction to entertain an action for a declaration of rights under the Civil Service Law of this State.

Section 15 of Article 14, which was added to the Constitution on November 4, 1952, is a complete ordinance, covering comprehensively all phases of civil service employment in this State and in cities having a population in excess of 250,000 inhabitants (City of New Orleans) as well as those with populations between 50,000 and 250,000 which may elect to come thereunder. It provides for the establishment of civil service commissions, upon whom are conferred broad powers, in their administration of all matters pertaining to civil service. These commissions are given extensive rule-making powers which have the effect of law, are invested, by Section 15 (O) (1), with the exclusive right to hear and decide all appeals involving the demotion, suspension or disciplining of a classified employee and are conferred, by Paragraph 2 of Section 15(O), the right generally to hear the complaints of all persons in the classified service " * * * who allege that they have been deprived of their rights or discriminated against under the

provisions of this Section, * * *", such persons being granted " * * * the right of appeal before the appropriate Commission."

█ Thus, it is seen that any employee aggrieved by the acts of the appointing authority may take his complaint to the Civil Service Commission which is given the exclusive jurisdiction to hear it.

Section 81 of Article 7 of the Constitution vests in the Civil District Court for the Parish of Orleans the same exclusive original jurisdiction as the other district courts of the State. And Section 35 of Article 7 confers in all district courts original jurisdiction in all civil matters, including cases involving title to real estate, the right to office or other public position or civil or political rights " * * * except as may be otherwise provided in this Constitution". Accordingly, since Section 15 of Article 14 of the Constitution has conferred upon the Civil Service Commissions established thereunder the exclusive right to hear and determine matters affecting classified employees, who come within its provisions, it is clear that cases of this sort are specially excepted from the jurisdiction of the district courts.

█ In assuming jurisdiction of the case, the trial judge placed emphasis on the fact that the Civil Service Law granted to the commissions the exclusive right to hear "appeals" and that, this being a suit for a declaratory judgment, it did not involve disciplinary action on the part of the appointing authority.

This view is not tenable. The word "appeal" as used in the constitutional amendment is not intended to signify a review by a judicial body of the action taken by another judicial body; it is used in the sense that the commissions are the established tribunals wherein all aggrieved civil servants must file their complaints, the hearing before the appropriate commission being the first adversary proceeding of a judicial nature available to the complainant.

█ The judge also thought that, because this was a proceeding for a declaratory judgment coupled with an injunction, he had the right to take cognizance of it.

We find this view unsound as the Declaratory Judgment Act (R.S. 13:4231–4246) provides merely a simplified procedural remedy for the determination of civil disputes. Burton v. Lester, 227 La. 347, 79 So.2d 333. It did not and could not bestow additional jurisdiction, as jurisdiction of the courts in Louisiana is established by the Constitution and is conferred only by the people. The legislative department has no such power.

If this case presents any matter properly subjected to judicial scrutiny, that matter is the authority of the Superintendent of Police to dismiss the civil servant. Since the district court would not have jurisdic-

tion after the dismissal, it had none before for, as pointed out above, the declaratory judgment statute, which permits such an anticipatory determination, could not extend the court's jurisdiction to civil service cases.

For the foregoing reasons, the judgment appealed from is annulled and set aside; the plea to the jurisdiction of the district court ratione materiae is sustained and the suit is dismissed at plaintiff's costs.

HAWTHORNE, J., takes no part.