REGAN, Judge.
Plaintiff, Cleveland Peete, manager of the Magnolia Housing Project, and a Civil Service employee, instituted this mandamus suit endeavoring to obtain an order directing his employer, J. Gilbert Scheib, executive director of the Housing Authority of New Orleans, to pay him the sum of $6;-842.72, which represented wages lost during a period when he was illegally suspended from his position.
The defendant pleaded the exceptions of no right or cause of action, asserting that the plaintiff had failed to appeal his suspension, timely, to the Civil Service Commission. Defendant, in explanation of the validity of the foregoing exceptions, point *281 ■ed out that an initial ruling or decree by the Civil Service Commission, to the effect that the appointing authority had acted illegally in suspending the employee, was an absolute prerequisite before the institution of •a suit by him in a district court for wages lost as a result thereof. These exceptions were unfortunately overruled and, therefore, this unnecessary litigation ensued.
The defendant then answered and asserted that plaintiff’s suspension was based not merely on its receipt of information that criminal charges had been preferred against him, but also upon plaintiff’s admission that the charges were partially true.
From a judgment awarding plaintiff the sum of $6,670.00, the defendant has prosecuted this appeal. Plaintiff has answered the appeal, requesting that the judgment be increased to $6,842.72. The trial court disallowed that portion of plaintiff’s claim involving an increase in salary which he would have received during the period of suspension if he had been promoted.
In order to properly consider the validity of the exceptions of no cause or right of action pleaded by the defendant, both in the lower court and here, we find it expedient to chronologically relate the following facts:
On May 23, 1956, plaintiff, a pharmacist who operated two drug stores, in addition to managing the housing project, w.as arrested and charged with selling paragoric in excessive quantities.
On May 24, 1956, the defendant addressed a letter to the plaintiff which informed him that he was suspended from his position because the foregoing charges were then pending against him in the criminal district court.
Several days after receipt of this notice, plaintiff asked to be given annual leave pay during his suspension. On May 29, 1956, the defendant informed him that his request had been granted.
Approximately one year later, in May of 1957, the plaintiff was acquitted of the most serious criminal charge of which he had been accused.
On July 22, 1957, he addressed a letter to the defendant in which he requested reinstatement as soon as possible. He explained therein that he had been acquitted as the result of a trial on the most serious criminal charge, and that his attorney was of the opinion that the less serious charges would, in all probability, be dismissed.
Pursuant to the approval of the Board of Commissioners of the Housing Authority, plaintiff was reinstated and returned to his position on September 3, 1957.
Between the time of his notice of suspension and of his reinstatement, which occurred approximately fifteen months later, plaintiff did not question the validity of his suspension nor did he prosecute an appeal therefrom.
The balance of the criminal charges pending against him were not nolle prose-quied until January 12, 1961.
On February 8th and again on April 7, 1961, plaintiff made a written demand on the Housing Authority to pay to him the salary which he lost during the suspension. On April 12, 1961, this demand was re-j ected.
On April 20, 1961, plaintiff’s attorney requested a hearing before the Civil Service Commission to review the Housing Authority’s refusal to pay lost wages.
On May 29, 1961, following the hearing, the Commission expressed in writing its opinion, which reads:
“Appellant is requesting that this Commission issue a money judgment, independently of any appeal from a suspension or discharge. This Commission has not been vested with such power.
“The proceeding in the instant case cannot be viewed as an appeal from the written notice of suspension given in 1956. Under Rule 13.12 of the Rules of *282 this Commission an appeal from such notice would have had to be filed with the Director of Civil Service within thirty days following the date on which such notice of suspension was given.
“Under authority of Rule 13.14(a) and (c) the appeal of Cleveland J. Peete is dismissed insofar as it seeks to have this Commission order full pay for time lost during his suspension, and insofar as it seeks to obtain a review of said suspension.”
Thereafter the plaintiff instituted this mandamus suit.
The trial court concluded that the plaintiff had been illegally suspended and, therefore, rendered a judgment which awarded him lost wages for the period of his absence from his civil service position.
Defendant initially argues that the trial court improperly overruled its exceptions and, in concluding that the suspension was illegal, usurped a function which has been vested exclusively in the Civil Service Commission by LSA-Const. Art. 14, Sec. 15(0) (1), which provides in part:
“Appeals; jurisdiction; decision; judicial review. There is vested in the State Civil Service Commission and in the appropriate Civil Service Commissions for the several cities respectively the exclusive right to hear and decide all appeals and the legality of all removal and disciplinary cases. * * ”
Defendant further asserts that the plaintiff has lost his right to have the legality of his suspension determined since he failed to appeal to the Civil Service Commission within 30 days after receiving notice thereof. '
The Civil Service Commission has been vested with authority to promulgate and enforce rules which have the effect of law.[1] One regulation thereof requires an aggrieved employee who has been subjected to disciplinary action by his appointing authority which he deems unjust, to appeal within 30 days from the time he has been notified of the action taken against him.[2]
There is no dispute that the plaintiff did, receive notice of his suspension in May of 1956, and that he did not appeal to the-Civil Service Commission to review the-legality of his suspension within thirty days, thereof or within thirty days from the time-that the last criminal charge against him was nolle prosequied, which occurred om January 12, 1961.
Plaintiff contends that an appeal to the-Civil Service Commission would have been-premature had it been perfected within-thirty days of the notification of his suspension in view of the fact that criminal' charges were still pending against him. He-further asserts that an appeal was unnecessary after the final narcotics charge was-dismissed because, at that time, he had been reinstated to his position as project manager. It is his position that the Commission is vested with jurisdiction to determine the status of a civil servant, and this-question became moot after his reinstatement because his status was re-established' thereby.
We cannot agree with this contention. LSA-Const. Art. 14, Sec. 15(0) (1) confers upon the Civil Service Commission “ * * * the exclusive right to hear and decide all appeals and the legality of all removal and disciplinary cases. * * * ” We are of the opinion that a suspension is a disciplinary matter within the purview of this article of the Constitution; thus, the Commission is the forum of original jurisdiction designated therein to determine the validity of the suspending authority's action.
We are convinced that it was incumbent upon the plaintiff to exhaust his *283 -administrative remedies before he was •entitled to a hearing in either a district or -an appellate court.
While it is true that the Civil Service Commission is powerless to render a -.money judgment, an employee endeavoring •■to recover lost wages emanating from an illegal suspension must necessarily obtain a Commission ruling to the effect that his suspension was illegal before he can bring .a mandamus action against his employer to •compel payment of lost wages. If the district court was permitted to review the legality of the suspension, then it would, in -effect, possess concurrent jurisdiction with the Commission, which the Constitution •clearly never contemplated nor intended.
Plaintiff has failed to refer us to any ■case in which an employee was permitted to '■bypass the Civil Service Commission and to have the legality of the appointing authority’s action reviewed initially by a court of law. However, he has endeavored -to draw an analogy between the rationale ■of this case and one entitled City of New Orleans v. Jackson.[3]
In that case, Jackson, a police officer, •charged with the crime of public bribery, was notified verbally by his commanding officer of his suspension. The Superintendent ■of Police should have notified Jackson personally and in writing. In any event, several days later Jackson was personally served with departmental charges filed by the Superintendent of Police. The notice, in part, read: “You will be notified later -of the date of the trial.” In that particular 'branch of Civil Service coverage, the employee disciplined, at that time, was entitled to a departmental trial. Jackson was never notified of the date of trial since it never •occurred. Several months after the first suspension, the Director of Personnel, Department of City Civil Service, City of New ■Orleans, wrote a letter to Jackson addressed to his home, in which it stated that the Superintendent of Police informed the Director of Personnel of Jackson’s second suspension. The court found as a fact that Jackson was never notified of either his first or second suspension. It further concluded that Jackson never received the letter addressed to him by the Director of Personnel. On June 12, 1950, more than three years after his suspension, Jackson was found not guilty of the criminal charges. He then sought to be reinstated to the police force and learned, several months thereafter, that he had been removed from the service. He then appealed to the Civil Service Commission, which ordered the Superintendent of Police to reinstate Jackson and to give him back pay for the entire period of his illegal suspension.
The City reinstated Jackson; however, it resisted the Commission’s order to give him back pay and, in conformity therewith, it instituted an action in the Civil District Court for the Parish of Orleans endeavoring to obtain a declaratory judgment to determine whether it would be compelled to reimburse Jackson for wages lost. One of the City’s defenses was that Jackson’s claim prescribed as the result of his failure to appeal the disciplinary action timely to the Commission.
It must be remembered, at this point, that the Commission had ruled that the suspension was illegal when the City raised this plea. In disposing of this particular contention, the organ for the Supreme Court reasoned that prescription could not have begun to run until the employee received notice, and it found as a fact that plaintiff was never notified.
Thus, the Jackson case is distinguishable from this one, and the distinction renders it useless as authority for plaintiff’s position. Unlike the employee in the Jackson case, plaintiff herein failed to obtain a ruling from the Commission pertaining to the legality of the disciplinary action taken and omitted the prosecution of an appeal after receiving notification of the appointing authority’s action.
*284 A ruling from the Civil Service Commission, involving the legality or illegality of disciplinary action is a necessary prerequisite to a mandamus proceeding, and this conclusion is fully supported by the rationale of the jurisprudence.
In view of what we have said herein-above, we are of the opinion that the trial court should have maintained the defendant’s exceptions of no right or cause of action and dismissed plaintiff’s suit.
For the reasons assigned, the judgment appealed from is reversed, and it is now ordered that there be judgment in favor of the defendant, J. Gilbert Scheib, executive director of the Housing Authority of New Orleans, dismissing plaintiff’s suit.
Reversed.

. LSA-Const. Art. 14, Sec. 15(1).

. Civil Service Commission Rule 13.12 enacted by the Commission at its March 28-29, 1955 meeting, which, became effective April 1, 1955.

. 224 La. 771, 70 So.2d 679 (1953).