NEHRBASS, Judge.
This is an appeal from a judgment of the Nineteenth Judicial District Court wherein the court maintained an exception of lack of jurisdiction over the subject matter and dismissed the plaintiff’s case.
Plaintiff, Merlin Flores, an employee of the Department of Public Safety, Division of State Police, appealed to the State Civil Service Commission and alleged as discriminatory an administrative determination by the Department of Civil Service that he was ineligible for veteran’s preferences provided for in Article 14 Section 15(1) (9) of the Louisiana Constitution of 1921. Based upon this determination, plaintiff was denied a promotion. A public hearing was held and the State Civil Service Commission rendered an opinion on March 26, 1974, dismissing the appeal.
On April 24, 1974, plaintiff filed a petition in the Nineteenth Judicial District Court seeking judicial review of the decision rendered by the State Civil Service Commission. This action was brought pursuant to LSA-R.S. 49:964 of the Louisiana Uniform Administrative Procedure Act. The defendant filed an exception of lack of jurisdiction over the subject matter which was sustained by the trial court and by judgment rendered on June 19, 1974, plaintiff’s case was dismissed. Plaintiff has appealed.
The sole issue before this court is whether or not Louisiana’s Uniform Administrative Procedure Act has bestowed jurisdiction upon the District Court to review decisions of the State Civil Service Commission.
Appellant asserts that the District Court is a proper forum for judicial review of the decisions rendered by the State Civil Service Commission and relies upon LSA-R.S. 49:964(A), which provides:
“A. A person who is aggrieved by a final decision or order in an adjudication proceeding is entitled to judicial review under this Chapter whether or not he has applied to the agency for rehearing, without limiting, however, utilization of or the scope of judicial review available under other means of review, redress, relief, or trial de novo provided by law. A preliminary, procedural, or intermediate agency action or ruling is immediately reviewable if review of the final agency decision would not provide an adequate remedy and would inflict irreparable injury.”
By its terms, the Administrative Procedure Act embraces each state board, commission, department, or officer authorized by *395 law to make rules or to formulate and issue decisions and orders except: (a) the Legislature or any branch, committee or officer thereof; (b) the courts; (c) the Department of Public Welfare, Department of Conservation, Department of Revenue, Division of Employment Security, Department of Labor, the Department of Hospitals, and the State Mineral Board, and the Department of Highways. LSA-R.S. 49:951(2).
At first blush these sections of the Administrative Procedure Act would seem to grant power to the District Court to review decisions of the State Civil Service Commission. This is not the case.
Section 15 of Article 14 of the Louisiana Constitution, comprehensively covers all phases of civil service employment and provides for the establishment of civil service commissions who are granted broad powers in their administration of all matters pertaining to civil service. These commissions are given extensive rule making powers which have the effect of law, and are invested by Section 15(0)(1), with the exclusive right to hear and decide all appeals involving the demotion, suspension, or disciplining of a classified employee, and further, these commissions are conferred, by paragraph 2 of Section 15(0), the right generally to hear the complaints of all persons in the classified service “. . . who allege that they have been deprived of their rights or discriminated against under the provisions of this Section, . . .”, such persons being granted “. . . the right of appeal before the appropriate commission.” The decisions of the appropriate commission are to be final on the facts.
Thus, we see that the appropriate commissions are granted exclusive original jurisdiction to hear and decide the complaints of an aggrieved employee, and these commissions are the established tribunals wherein all aggrieved civil servants must file their complaints, the hearing before the appropriate commission being the first adversary proceeding of a judicial nature available to the complainant. Slicho v. City of New Orleans, 235 La. 305, 103 So.2d 454 (1958).
In filing a petition in the District Court pursuant to LSA-R.S. 49:964 for judicial review of the decision of the State Civil Service Commission, appellant sought to invoke the original jurisdiction of the District Court.
In Bowen v. Doyal, 259 La. 839, 253 So.2d 200 (1951), the Supreme Court in determining the nature of judicial review held that a review by a District Court of the determinations, ruling and adjudication of an administrative body was not an appeal in the legal sense but was an exercise of original jurisdiction by that court.
Section 35 of Article 7 of the Louisiana Constitution of 1921 confers on all District Courts original jurisdiction in all civil matters, including cases involving title to real estate, the right to office or other public position, or civil or political right except as may be otherwise provided in this Constitution.”
Section 15 of Article 14 of the Louisiana Constitution of 1921 confers upon the State Civil Service Commission the exclusive right to hear and decide matters affecting classified employees who come within its provisions.
It is clear that cases of this sort are exempt from the jurisdiction of the District Court, and accordingly, we hold that the enactment of the Administrative Procedure Act could not and did not confer jurisdiction upon the District Court to review decisions of the State Civil Service Commission.
We have pointed out above that the invocation of statutory authority for judicial review is not the taking of a judicial appeal; however, we note in passing that appellate jurisdiction is conferred upon a court only by our Constitution and we fur *396 ther note that Section 35 of Article 7 does not confer appellate jurisdiction upon our District Courts in this instance.
For the foregoing reasons we affirm the decision of the trial court dismissing appellant’s case for want of jurisdiction over the sub j ect matter.
Affirmed.