357 So.2d 892 (1978)
Varis BARENIS
v.
Joseph GERACE, the Administrator, Department of Employment Security, a Division of the Department of Labor of the State of Louisiana, and Louisiana Public Employees Council No. 17, American Federation of State, County and Municipal Employees, AFL-CIO, et al.
No. 11861.
Court of Appeal of Louisiana, First Circuit.
March 20, 1978.
Rehearing Denied May 2, 1978.
Writ Refused June 30, 1978.
Lewis O. Unglesby, Baton Rouge, of counsel for plaintiff-appellant Varis Barenis.
James A. Piper, Baton Rouge, Mary E. Howell, New Orleans, of counsel for defendants-appellees Joseph R. Gerace, et al.
Before LOTTINGER, EDWARDS and PONDER, JJ.
EDWARDS, Judge.
This is an appeal from a judgment of the district court which sustained defendants' exceptions of lack of jurisdiction over the subject matter and no cause of action, and dismissed plaintiff's suit.
Plaintiff, Varis Barenis, an employee of the Department of Employment Security, brought this suit styled as a "Suit for Inforcement of Contract" against the appropriate appointing authority and the labor union representing employees in the Department, seeking to obtain a promotion to Personnel Technician IV with back pay from December 12, 1976. Plaintiff alleges that he is entitled to the promotion by virtue of the terms of the union contract, in particular Article IX thereof, which provides for promotions to be made by seniority from the three highest scoring candidates who took the civil service examination.[1] Plaintiff further alleges that he was among the top three applicants and that he was the applicant with the most seniority.
Defendants filed exceptions of lack of jurisdiction, no cause of action and nonjoinder of an indispensible party. Defendants argue that this suit involves a matter which is in the exclusive jurisdiction of the Civil Service Commission.
The district court sustained the exceptions of lack of jurisdiction and no cause of action, finding: that the union agreement was invalid as a violation of Art. X, Sec. 10(A)(3) of the Constitution; that the matter was governed by civil service regulations; and that it had no jurisdiction.
*893 The pertinent statutory provisions necessary for a resolution of this case are contained in Art. X of the Louisiana Constitution of 1974. Art. X, Sec. 10(A)(1) grants broad rule-making powers for the administration and regulation of the classified service to the Civil Service Commission. Included among these powers is the authority to adopt rules for regulating employment, promotion, demotion, and other personnel matters and transactions. Art. X, Sec. 8 establishes a right of appeal for permanent status employees "to the appropriate commission." Art. X, Sec. 10(B) empowers the commissions with investigatory powers. And finally, Art. X, Sec. 12 states that each commission shall have exclusive jurisdiction in removal and disciplinary cases.
In the instant case, plaintiff has attempted to circumvent the jurisdiction of the Civil Service Commission by styling his suit as an ordinary civil suit ex contractu.
However, the nature of a suit is not governed by the title affixed to the petition.
The subject matter of this suit falls peculiarly within the province of the Civil Service Commission and lies within their exclusive jurisdiction. La.Const. Art. X; Raborn v. Louisiana Health and Human Resources Administration, 349 So.2d 903 (La.App. 1st Cir. 1977). See also Slicho v. City of New Orleans, 235 La. 305, 103 So.2d 454 (1958); Peete v. Scheib, 156 So.2d 280 (La.App. 4th Cir. 1963).
Having found that the district court lacked jurisdiction over the subject matter, we hold that it was not necessary to consider the validity of the union agreement.
Accordingly, for the reasons assigned herein, the judgment of the trial court dismissing plaintiff's suit is affirmed, at plaintiff's cost.
AFFIRMED.
NOTES
[1] This procedure differs from the basic civil service regulation which permits the appointing authority to choose among the three highest scoring applicants.