PARRO, Judge.
This is an appeal from.a decision of the State Civil Service Commission (“Commission”) which summarily dismissed as untimely an employee’s appeal of her termination by the Housing Authority of New Orleans (“HANO”). We affirm.

FACTS AND PROCEDURAL HISTORY

Effective May 29, 1990, Gwendolyn W. Rollins (“Rollins”) was employed with HANO on a restricted appointment basis. The personnel action form indicated the end date of her appointment was August 28, 1990, although it was stated on the form that the job was at the discretion of HANO. Rollins actually continued working past the initial end date, but by letter dated December 10, 1990, she was notified that she would be separated from her position effective December 11, 1990. In this letter, HANO informed Rollins that she did not have a right of *838 appeal since she was serving on a probational status. However, an appeal was subsequently taken by Rollins which was received and filed on March 8, 1993.
The referee appointed to hear this matter summarily dismissed Rollins’ appeal as untimely, and the application for review was denied by the Commission. Rollins timely appealed to this court.

ANALYSIS

Rollins contends that she was a permanent employee at the time of HANO’s notice of separation rather than a probationary employee since she had been employed with HANO for a period in excess of 6 months. As a permanent employee, Rollins argues that she is afforded certain rights and protection. According to Rollins, HANO should have informed her in the written notice of separation that she had a right to appeal its termination decision to the Commission, and that this notice should have also informed her of the delay for filing such an appeal as required by former Civil Service Rule 12.3(a) in effect at the time of the notice.[1] Rollins contends, in effect, that the failure to give | -¡notice of her right to appeal suspends the commencement of the delay period for taking her appeal, and, therefore, it was timely.
Before this court reaches the issue of whether the appeal was timely, it is necessary to first determine the correct classification of Rollins’ employment status. Our review of the record fails to reveal evidence of a specific probationary appointment. Rollins applied for the position of tenant relations manager. The personnel action form in the record indicates that she received a “restricted appointment” effective on May 29, 1990 pursuant to Civil Service Rule 8.10(a). Civil Service Rule 1.38.1 defines a restricted appointment as a temporary appointment of a person to a temporary position or to a temporarily-vacant, allocated position for a period up to three (3) calendar months. Civil Service Rules also identify other types of appointments that may be made including: job appointment, probationary appointment, provisional appointment, and regular or permanent appointment. Civil Service Rules 1.18, 1.26, 1.29, and 1.34.
Although the notice of separation referred to Rollins as a probational employee, the record does not evidence a specific probational appointment. Rather, the only recorded appointment was a restricted appointment with an end date of August 28, 1990 noted on the form. See Civil Service Rules 8.10(a) and (b).[2] The record does not indicate that URoIlins’ restricted appointment was extended for an additional period.[3] For sake of argument in this case, this court will assume that Rollins’ restricted appointment automatically terminated on the expiration of a three-month period and at that time Rollins auto- *839 matieally obtained a probational appointment.[4]
All employees receiving a probationary appointment are required to serve a probationary period of no less than six months or more than twelve months. Civil Service Rules 8.10.1 and 9.1(a). Under the facts of the case sub judice, Rollins would have had to complete her 3-month restricted appointment before becoming eligible for any assumed automatic probationary appointment. Rollins was required to undergo a probationary.period of at least 6 months from the time of her alleged probationary appointment before she would be eligible for certification as a regular or permanent employee. Civil Service Rules 1.34, 9.1, and 9.2.
Under the previously set-forth assumption, Rollins would have had to work for a period of at least 9 months before she could have achieved a permanent appointment. Since Rollins was only employed from May 29, 1990 to December 11, 1990, this court concludes that Rollins’ notice of separation was given before she became eligible for certification as a permanent employee. Therefore, as an employee who has not gained permanent status in the classified state service, Rollins was not entitled to an appeal from HANO’s disciplinary action. LSA-Const. art. X, § 8; see Civil Service Rule 13.10. Accordingly, Rollins’ appeal was properly dismissed on the basis that she did not have a right of appeal, rather than on the basis that her appeal was not filed timely.

IsDECREE

For the foregoing reasons, the Commission’s dismissal of Rollins’s appeal is affirmed. Costs of this appeal are assessed to Rollins.
AFFIRMED.

. Rule 12.3(a) of the Civil Service Rules provided in pertinent part:
In every case of removal, demotion, or reduction in pay for cause of a permanent employee, the appointing authority or his authorized agent shall:
(1) Furnish to the employee at the time such action is taken, or prior thereto, a statement in writing giving detailed reasons for such action.
(2) In such cases, the appointing authority or his duly authorized agent shall, commencing January 1, 1978, include in the written notice the following provision: "You may appeal this action to the Civil Service Commission within 30 days. The appeal must conform to the provisions of Chapter 13 of the Civil Service Rules.”
The contents of this rule are now found in Rule 12.8.

. Rule 8.10 provides in pertinent part:
(a) When a position is temporarily vacant or a position is required on a temporary basis and it is clearly evident that staffing the position will be essential to the efficiency of the agency, a restricted appointment may be made, provided:
⅝! * ⅝ ⅝ ⅜ ‡
(3) The appointment is made only when it is not possible or appropriate to use either the provisional, job, or probational type appointment; and
(6) The appointment does not extend beyond three (3) calendar months.
sjs ⅜ ⅜ ⅞: ⅜ ⅞:
(b) Appointments may be made for any length of time up to three (3) calendar months; however, the Director or appointing authority may limit the duration of or cancel a restricted appointment at any time.

. Although we make this assumption, this court notes that the Civil Service Rules provide little basis, if any, for making such an assumption. This assumption is made to logically show that even if Rollins became a probationary employee, she would not have gained permanent status during the 6 months and 13 days that she was employed with HANO. Furthermore, even a temporary appointment such as a provisional employee requires more than the simple passage of time for conversion of a provisional appointment to a probational appointment. See Civil Service Rules 1.29 and 8.12.