655 So.2d 455 (1995)
Bobbie E. BASS
v.
DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS, LOUISIANA STATE PENITENTIARY.
No. 94 CA 1974.
Court of Appeal of Louisiana, First Circuit.
May 5, 1995.
*456 Roxie Goynes-Clark, Baton Rouge, for defendant-appellant Dept. of Public Safety and Corrections.
Mark E. Falcon, Baton Rouge, for plaintiff-appellee Bobbie E. Bass.
Robert R. Boland, Jr., Baton Rouge, for defendant-appellant Herbert L. Sumrall, Director, Dept. of State Civil Service.
Before WATKINS and FOGG, JJ., and TANNER,[1] J. Pro Tem.
WATKINS, Judge.
This is an appeal from a decision of the State Civil Service Commission (Commission) holding that it lacked subject matter jurisdiction. Finding that the Commission erred as a matter of law, we reverse.
Bobbie E. Bass is employed by the Department of Public Safety and Corrections (Department) as a corrections sergeant at Louisiana State Penitentiary. On May 3, 1994, she filed an appeal[2] to the Commission complaining that the Department had violated a collective bargaining contract it had with AFSCME Council No. 17 (Union) when it placed Ruth Tubbs in a favored assignment. Ms. Bass contended that the union contract identifies seniority, work performance, and qualifications as the criteria to be considered in filling job openings. She maintained that because her seniority, work performance, and experience were superior to that of Ms. Tubbs, the Department had breached the union contract by selecting Ms. Tubbs for the position. Ms. Bass asked the Commission to enforce the provisions of the collective bargaining agreement by placing her in the favored assignment; she also sought attorney's fees.
A public hearing limited to oral argument on the issue of subject matter jurisdiction was held before the Commission on June 7, 1994. Based on the argument presented and its reading of the cited cases, the Commission reached the conclusion that it lacked subject matter jurisdiction. The Commission partially based its decision on the fact that Ms. Bass's action was not a "removal or disciplinary" action. The Commission correctly noted that if the action being challenged is a removal or disciplinary action, the Commission's exclusive jurisdiction is not defeated or circumvented by styling a suit as one in tort. See Foreman v. Falgout, 503 So.2d 517 (La.App. 1st Cir. 1986.)
After examining other areas not pertinent to the instant case in which the Commission has jurisdiction, the Commission noted that Ms. Bass did not contend that the union contract was in violation of the constitution or a civil service rule. The Commission distinguished Barenis v. Gerace, 357 So.2d 892 (La.App. 1st Cir.), writ denied, 359 So.2d 1308 (La.1978), a case that also involved allegations of a breach of a union contract.[3] Because Ms. Bass's sole basis for complaint was that the Department breached its contract with the labor union, the Commission concluded that Barenis was distinguishable.
We disagree. Barenis is directly on point and is controlling in the instant case. We *457 quote the pertinent parts of the opinion, as follows:
This is an appeal from a judgment of the district court which sustained defendants' exceptions of lack of jurisdiction over the subject matter and no cause of action, and dismissed plaintiff's suit.
Plaintiff, Varis Barenis, an employee of the Department of Employment Security, brought this suit styled as a "Suit for Inforcement [sic] of Contract" against the appropriate appointing authority and the labor union representing employees in the Department, seeking to obtain a promotion.... Plaintiff alleges that he is entitled to the promotion by virtue of the terms of the union contract....
The pertinent statutory provisions necessary for a resolution of this case are contained in Art. X of the Louisiana Constitution of 1974. Art. X, Sec. 10(A)(1) grants broad rule-making powers for the administration and regulation of the classified service to the Civil Service Commission. Included among these powers is the authority to adopt rules for regulating employment, promotion, demotion, and other personnel matters and transactions. Art. X, Sec. 8 establishes a right of appeal for permanent status employees "to the appropriate commission." Art. X, Sec. 10(B) empowers the commissions with investigatory powers. And finally, Art. X, Sec. 12 states that each commission shall have exclusive jurisdiction in removal and disciplinary cases.
In the instant case, plaintiff has attempted to circumvent the jurisdiction of the Civil Service Commission by styling his suit as an ordinary civil suit ex contractu.

However, the nature of a suit is not governed by the title affixed to the petition.
The subject matter of this suit falls peculiarly within the province of the Civil Service Commission and lies within their exclusive jurisdiction. [Citations omitted.] [Emphasis ours.]
357 So.2d at 892, 893. It is immaterial that the relief sought by Barenis was a promotion and the action sought by Ms. Bass is appointment to a "favored assignment." We hold that the latter qualifies as "other personnel matters and transactions" within the purview of the constitutional provisions and the jurisprudence.
Accordingly, we reverse the decision of the Commission, and we remand the case to the Commission for further action in accordance with this opinion. We cast appellee with costs of this appeal.
REVERSED AND REMANDED.
NOTES
[1] Judge Thomas W. Tanner, retired, is serving as judge pro tempore by special assignment of the Louisiana Supreme Court.
[2] She contemporaneously filed a civil action in the Nineteenth Judicial District Court for breach of contract.
[3] The Commission inaccurately stated that in Barenis "there was also the issue of whether the union contract violated the Civil Service Article because the district court concluded that it did and invalidated the contract on that basis." However, this court held that the district court lacked jurisdiction over the subject matter; therefore, the validity of the union agreement was not an issue.