JaFITZSIMMONS, Judge.
Appellant, Bobbie E. Bass, appealed to this court the summary dismissal of her appeal by the Civil Service Commission. The commission dismissed the appeal for lack of an appealable basis under Louisiana Constitution Article X, section 8, or the Civil Service Rules.[1] We affirm.
BACKGROUND
Ms. Bass is employed by the Department of Public Safety and Corrections. The department entered into a contract with a labor union in 1991. In May of 1994, Ms. Bass filed an appeal with the Civil Service Commission that alleged the following: (1) a better position was available at her place of employment, Louisiana State Penitentiary; (2) she was better qualified and had more seniority than the employee selected for the position; and (3) the selection of a less qualified and less senior employee violated the union contract. Ms. Bass requested that the commission enforce the union contract.
LAW
The subject matter of the complaint is within the jurisdiction of the Civil Service Commission. Bass v. Department of Public Safety and Corrections, 94-1974 (La.App. 1st Cir. 5/5/95), 655 So.2d 455. However, not every action within the jurisdiction of the commission results in the right to an appeal *1180 of that action. See Bell v. Department of Health and Human Resources, 483 So.2d 945 (La.), cert. denied, 479 U.S. 827, 107 S.Ct. 105, 93 L.Ed.2d 55 (1986); Rollins v. Housing Authority of New Orleans, 93-1810 (La.App. 1st Cir. 10/7/94), 644 So.2d 837.
The question of whether an employee has the right to appeal is analogous to the question of whether a plaintiff has a cause | gof action. When a petition states a cause of action as to any ground or portion of a demand, an exception raising the objection of no cause of action must be overruled as to that distinct cause of action. Similarly, if the classified employee has alleged grounds upon which appeals are allowed, the employee has the right to appeal. Ramirez v. Department of Social Services, 603 So.2d 795, 798 (La.App. 1st Cir.), writ denied, 608 So.2d 195 (La.1992).
The Louisiana Constitution, Article X, Section 8, and the Civil Service Rules grant the right to appeal disciplinary and discriminatory actions. The rules also grant appeal rights from actions in violation of a specific civil service rule.[2] Civil Service Rule 13.10 lists the exclusive categories for an appeal afforded by the commission and the constitution.
ANALYSIS
The commission found that the allegations of Ms. Bass’s petition did not state any of the grounds provided by the Civil Service Rules or the constitution. We agree.[3] Ms. Bass’s goal was enforcement of the union contract. She alleged the opening of a better position, better qualifications, and more seniority. She asked only that the contract with the union be enforced, and that she be given the position. The allegations and relief requested are not grounds for an appeal to the Civil Service Commission. No allegations of discrimination, disciplinary actions, or other recognized grounds for an appeal were alleged.
CONCLUSION
| therefore, we affirm the decision of the Civil Service Commission. The costs of this appeal are assessed to Ms. Bass.
AFFIRMED.

. The commission noted that the appeal was filed more than 30 days after Ms. Bass knew she was not going to receive the position. However, the commission pretermitted the question of the timeliness of the appeal. The commission dismissed the appeal: it had no basis.

. We note that the excerpt from the union agreement attached to the Petition of Appeal contemplated no greater right to appeal than that afforded by the Louisiana Constitution and the Civil Service Rules.

. Ms. Bass previously utilized the grievance procedure provided in the union contract to complain of not receiving the subject promotion and was unsuccessful.