|2REMY CHIASSON, Judge Pro Tem.
On August 24, 1995, appellant Adida S. Roberts was hired as a “Residentiál Training Specialist” at the Ruston Developmental Center (Center) in Ruston, Louisiana, pursuant to a Civil Service restricted appointment. Upon completion of the appointment, she was terminated effective January 1,1996.
By letter postmarked April 13, 1996, Ms. Roberts appealed her termination to the Civil Service Commission, averring the failure of the Center to hire her on a permanent basis was discriminatory. Summarily dismissing her appeal as untimely, the Civil Service Commission referee explained that the relevant date was when appellant became aware of the action complained about, not the date the appellant became aware of the right to appeal. The referee observed there is no Civil Service rule which requires that employees on restricted appointments be advised of their right to appeal.
We have examined the record herein and conclude the referee was correct in dismissing the appeal, but for the wrong reason. There is no Civil Service rule requiring employees on restricted appointments to be advised of their right to appeal because such employees have no right to appeal.
The question whether an employee has the right to appeal is analogous to the question whether a plaintiff has a cause of action. Bass v. Dept. of Public Safety & Corrections, 95-2499, pp. 2-3 (La.App. 1st Cir. 6/28/96); 676 So.2d 1178, 1180. When a petition states a cause of action as to any ground of a demand, an exception raising the objection of no cause of action must be overruled. Similarly, if the classified 'employee has alleged grounds upon which appeals are allowed, the employee has the right to appeal. Id.
The issue in a case such as'this is the would-be appellant’s employment status. Permanent status in the classified state service is required for an employee to be entitled to an appeal from the appointing authority’s disciplinary action. See Rollins v. Housing Authority of New Orleans, 93-1810, p. 4 (La.App. 1st Cir. 10/7/94); 644 So.2d 837, 839 dismissing the appeal of an employee whose notice of separation was given before she became eligible for certification as a permanent employee. The only recorded appointment in that case was a restricted appointment, but since Rollins continued to work past the end date, this court assumed for the sake of argument that she automatically obtained a probational appointment 13at that time. Nevertheless, the employee’s lack of permanent status was dispositive of her right of appeal.
In the instant case, Ms. Roberts did not work past the end date of her restricted appointment. Thus, as in Rollins, the appeal was properly dismissed on-the basis that she did not have a right of appeal, rather than on the basis that her appeal was not filed timely.
For the foregoing reasons, the Commission’s dismissal of Ms. Roberts’s appeal is affirmed. Costs of this appeal are assessed to Ms. Roberts.
AFFIRMED.