SHERMAN AUGUSTINE
v.
DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS  LOUISIANA STATE PENITENTIARY
No. 2008 CA 2024
Court of Appeals of Louisiana, First Circuit.
August 6, 2009
Not Designated for Publication
SHERMAN AUGUSTINE Cottonport, LA, Plaintiff-Appellant In Proper Person.
TERRI CANNON, Baton Rouge, LA, Attorney for Defendant-Appellee Department of Public Safety and Corrections-Louisiana State Penitentiary.
Before: PARRO, McCLENDON, and WELCH, JJ.
PARRO, J.
This is an appeal from a final decision of the Louisiana State Civil Service Commission (Commission) that summarily dismissed Sherman Augustine's appeal based on the lack of subject matter jurisdiction. For the following reasons, we affirm.

Background
Sherman Augustine (Augustine) was employed by the Louisiana State Penitentiary (LSP) as a master sergeant with permanent status. On January 29, 2008, Augustine completed an employee leave request form seeking approval for use of 14 days of vacation time. After examining Augustine's absences in 2007, his supervisor recommended that his leave request be denied. Nonetheless, the assistant warden approved the use of only 5 days of leave time, noting that Augustine had 4 unscheduled absences and had taken 123.30 hours of unscheduled sick leave and 12.33 hours of unscheduled annual leave. From the agency's decision, Augustine filed a petition for appeal with the Commission, contending that he was denied 9 days of accrued yearly vacation.
On January 11, 2007, the LSP had issued Directive Number 03.013 to address employee leave usage, which in pertinent part provides:
A. GENERAL
Any absence from duty can be considered when evaluating other requests for leave.
B. LEAVE HISTORY
Each Unit Manager/Department Head will maintain a leave register and absentee calendar ... on each employee in his/her unit/department. This leave register will be reviewed by supervisors when considering requests for vacation leave.
* * *
C. VACATION: ANNUAL AND/OR "K" LEAVE
Annual Leave is provided primarily for vacations, handling personal business, or attending to family illness. K-leave may also be used for this purpose. Employees must apply for annual and/or K-leave in advance, requesting the use of such leave on a leave slip which is available through the employee's supervisor. Security employees must secure leave approval from the Shift Supervisor. Non-security employees must secure leave approval from their immediate supervisor. Unit Wardens, Shift Supervisors, and Department Heads will equitably allocate annual and K-leave to ensure that critical institutional operations continue uninterrupted.
1. The amount of time an employee may be granted annual leave for a vacation each calendar year will be based on his/her length of continuous service, a review of the use of all types of leave in the previous twelve-month period, and the need of the institution to maintain adequate staffing.
* * *
[D.] SICK/MATERNITY LEAVE (EMPLOYEE)
1. Employees who are unable to report for duty due to illness must follow the following procedures.
a. Security employees are required to contact a Shift Supervisor at least two hours prior to the start of the employee's work schedule on the first day of illness. If required by a physician to be absent for more than one workday, the employee must again call to notify a Shift Supervisor at least two hours prior to the start of the second scheduled work period and each workday thereafter until the employee returns to duty. The employee must indicate the length of time the physician has determined that he/she must be absent from work.
* * *
[N.] UNSCHEDULED ABSENCE/NON DISCIPLINARY REMOVALS
1. When an employee is absent from work without prior approval, the leave shall be considered an unscheduled absence. The supervisor responsible for reviewing the leave request is to mark clearly on the Application for Leave (SF-6) "Unscheduled" on top of the form regardless of whether the leave is approved or denied. A copy of the Application for Leave marked "Unscheduled" shall be given to the employee.
* * *
3. The first three consecutive days of an unscheduled absence will be counted as three separate unscheduled absences, unless the Warden (or designee) determines otherwise. In make such a determination, the Warden (or designee) should consider such mitigating factors as obvious legitimate accidental injury or catastrophic illness.
4. An unscheduled absence history will be recorded on the employee's leave register and absentee calendar in accordance with Section A.
5. When an employee has accumulated five unscheduled absences in less than a 26-week period, the employee shall be counseled by his/her supervisor and a letter of warning issued to the employee and filed in his/her performance appraisal file.
* * *
8. The Deputy Warden(s), Assistant Wardens, Unit Managers, and Department Heads are responsible for ensuring that these provisions are strictly adhered to.
* * *
Furthermore, on December 27, 2007, the assistant warden for Camp C of the LSP at Angola, Louisiana, sent the following memo to all Camp-C supervisors concerning 2008 vacations:
1- All vacation [requests] must be turned in to my office for review at least two months prior to the employees requested [vacation] dates.
2- Shift majors cannot be off during a [holiday] shift.
3- Carefully review those employees in the above leave usage category with five unscheduled absences, since they get no approved time off and any vacation or k-time scheduled will be denied. A [letter] must be turned [into] my office on these employees.
4- Shift majors will turn all vacation [requests] with 2007-2008 attendance rosters to their Lt. Col. for review and approval before being sent to my office.
5- Remind everyone and watch that [no one] puts in for vacation or K-days from December 15, 2008[,] [through] January 5, 2009.
Under his employment contract, Augustine was allegedly entitled to 14 days of vacation per calendar year. He claimed that the denial of the other 9 days of vacation time constituted disciplinary action and resulted in a breach of his employment contract. Augustine urged that the application of the 2008 vacation guidelines to deny his requested vacation time was an abuse of authority and resulted in a violation of several enumerated State Civil Service Rules pertaining to leave time. Augustine urged that the discretion to use accrued sick leave under specified conditions is given to the employee, not the employer. Augustine sought to receive all 14 of his requested vacation days for 2008. He also demanded rescission of the 2008 guidelines on the grounds of unlawfulness or unreasonableness.
After reviewing Augustine's petition, the referee appointed by the Commission notified him that his petition lacked sufficient allegations to establish his right to appeal. He was given 15 calendar days to amend his petition. Augustine responded by filing a motion for recusation of the Commission's referee who had issued the notice of possible defects in his appeal, contending that she had committed a federal crime in depriving him of his constitutional right to a public hearing. He also filed a response to the notice of possible defects in his appeal.
In ruling on Augustine's motion to recuse, the referee found that Augustine failed to set forth any affirmative allegations of fact to establish a valid and recognized ground for recusal. Accordingly, his motion was denied. As to the merits of his petition, the referee then determined that the denial of annual leave/vacation days was neither a disciplinary action under State Civil Service Rule 12.2(b) nor a discipline in disguise. Therefore, the referee concluded that Augustine did not have a right to appeal to the Commission. See LSA-Const. art. X, § 8(A). From that decision, Augustine filed an application for review with the Commission, which request was denied. Therefore, the decision of the referee became the final decision of the Commission, from which Augustine appealed.[1]

Discussion
The question of whether an employee has the right to appeal is analogous to the question of whether a plaintiff has a cause of action. When a petition states a cause of action as to any ground or portion of a demand, an exception raising the objection of no cause of action must be overruled as to that distinct cause of action. Similarly, if the classified employee has alleged grounds on which appeals are allowed, the employee has the right to appeal. Bass v. Department of Public Safety and Corrections, 95-2499 (La. App. 1st Cir. 6/28/96), 676 So.2d 1178, 1180; Ramirez v. Department of Social Services, 603 So.2d 795, 798 (La. App. 1st Cir.), writ denied, 608 So.2d 195 (La. 1992). The correctness of conclusions of law is not conceded for the purposes of a ruling on an exception raising the objection of no cause of action. Kyle v. Civil Service Commission, 588 So.2d 1154, 1159 (La. App. 1st Cir. 1991), writ denied, 595 So.2d 654 (La. 1992).
The Louisiana Constitution gives the Commission exclusive jurisdiction in all removal and disciplinary cases. LSA-Const. art. X, § 12(A). Further, the constitution specifically gives classified employees the right of appeal to the Commission in disciplinary actions and in cases alleging discrimination because of their political or religious beliefs, sex, or race. LSA-Const. art. X, § 8. Article X, Section 10 of the Louisiana Constitution further authorizes the Commission to adopt rules for the administration and regulation of the classified service. Pursuant to this authority, the Commission adopted State Civil Service Rule 12.2(b), which contains an exclusive list of disciplinary actions that may be imposed by an appointing authority. Rule 12.2(b) provided: "Disciplinary actions can only include: reassignments; suspensions without pay; reductions in pay; involuntary demotions and dismissals."[2] The determination of what constitutes a disciplinary action is within the authority of the Commission through its rule-making powers granted by LSA-Const. art. X, § 10. King v. LSU Health Sciences Center, 03-1138 (La. App. 1st Cir. 4/2/04), 878 So.2d 544, 547.
Annual and sick leave shall be earned by each full-time and each part-time employee who has a regular tour of duty. State Civil Service Rule 11.5(a). The earning of such leave shall be based on the equivalent of years of full-time state service and shall be creditable at the end of each calendar month or at the end of each regular pay period. State Civil Service Rule 11.5(b). Nonetheless, annual leave must be applied for by the employee and may be used only when approved by the appointing authority or his designated representative.[3] State Civil Service Rule 11.7(a). The appointing authority, the LSP, has adopted LSP Directive No. 03.013 to further address the approval of employee leave usage. According to the directive, employees are required to request approval for the use of annual and/or K-leave in advance on a leave slip, which is available through the employee's supervisor.[4] Augustine's failure in 2007 to comply with that mandate resulted in the approval by the LSP of his use of only 5 days of leave time for 2008, as opposed to the 14 days that had been requested.
Accrued unused annual and sick leave earned by an employee shall be carried forward to succeeding calendar years. State Civil Service Rule 11.6(a). Therefore, LSP's refusal to approve Augustine's request for an additional 9 days of leave was not tantamount to a forfeiture of leave time as asserted by Augustine. The payment of annual leave upon separation is specifically addressed in State Civil Service Rule 11.10, and the payment of sick leave when an employee is non-disciplinarily removed under State Civil Service Rule 12.6(a) is addressed in State Civil Service Rule 11.10.1. As a result of the accrual of unused leave time, LSP's refusal to fully approve Augustine's 2008 request for use of leave time did not constitute a disciplinary action, as found by the referee.[5]
Accordingly, we find no error in the Commission's determination that the allegations of Augustine's petition did not state any of the grounds for an appeal to the Commission. Therefore, we affirm the decision of the State Civil Service Commission. The costs of this appeal are assessed to Sherman Augustine.
AFFIRMED.
NOTES
[1] On appeal, Augustine also challenged the denial of his motion to recuse. The recusal of a referee is governed by the grounds for recusal of a judge of the courts of the State of Louisiana. State Civil Service Rule 13.32. In the absence of the assertion of a valid ground for recusation as set forth in LSA-C.C.P. art. 151, we find no error or abuse of discretion in the referee's denial of Augustine's motion. See State v. Williams, 601 So.2d 1374, 1375 (La. 1992).
[2] Subsequently, Chapter 12 of the State Civil Service Rules was amended, and the substance of Rule 12.2(b) was moved to Rule 12.3(a).
[3] The use of sick leave is governed by State Civil Service Rule 11.13, which provides:

(a) Sick leave may be utilized by an employee who has sufficient leave to his credit for necessary absence from duty because of:
1. Illness or injury which prevents him from performing his usual duties.
2. Medical, dental, or optical consultation or treatment.
(b) Sick leave shall not be charged for non-work days.
(c) Each appointing authority shall select a method to charge the sick leave records of all employees. The minimum charge to sick leave records shall be not less than one-tenth hour (6 minutes) nor more than one-half hour.
* * *
(e) The appointing authority shall use the same method for charging to leave records for both annual and sick leave.
Nonetheless, when sick leave is taken by an employee, State Civil Service Rule 11.14 requires the filing of a certificate with his appointing authority stating the cause of his absence and the amount of time taken. The appointing authority may require a statement from a registered physician or some other acceptable proof that the employee was ill and unable to report to work. State Civil Service Rule 11.14.
[4] Furthermore, any absence from duty can be considered when evaluating requests for leave. LSP Directive No. 03.013(A).
[5] Since LSA-Const. art. X, § 12(A) authorizes appeals to the court of appeal with respect to removal and disciplinary cases, it is questionable whether this court has subject matter jurisdiction to consider that portion of the referee's decision addressing LSP's alleged violation of civil service rules. However, we find no error in the referee's finding that Augustine failed to establish a right of appeal to the Commission on the basis of a rule violation.