liLANDRIEU, Judge.
The New Orleans Police Department appeals a decision of the Civil Service Commission finding it liable to a former employee for the amount of state supplemental pay owed to the employee in back pay and penalizing it for its delay in paying the employee. We affirm.
Diane Johnston, a former member, of the police department, successfully appealed four disciplinary suspensions imposed upon her for various- departmental violations to the Commission.- Her original suspensions totaled twenty-eight days. The Commission overturned three of the suspensions and reduced one of the suspensions from twenty days to five days, ordering the police depart- ■ ment to restore to Johnston all back pay and emoluments lost from a total of twenty-three days of improper suspensions.[1] The dates of the. four Commission decisions range from January 24, 1997, to June 17, 1997. The police department did not appeal the Commission’s action.
l2On July 18, 1997, Ms. Johnston sent a letter to the Commission explaining that she had not yet received any amount owed to her in back pay and expressing fear that she would experience a situation similar to the last time the police department owed her back pay when it took over two years to obtain what she was owed. At its August 14, 1997 meeting, the Commission “noted with mounting concern the pattern of delays associated with the implementation of its decision.” Having been provided with a status update on Ms. Johnston’s four cases, the Commission noted:
While recognizing the extreme delays already experienced in these matters, the Commission agreed to continue the matter until its next meeting, with the clear understanding that all back pay orders will be satisfied by that time. If not, the Appointing Authority [the police department] will be ordered to make a personal appearance in anticipation of sanctions.
Attached to its brief, the police department provided a September 12,1997 letter which it sent to the municipal police officers’ supplemental pay program of the state department of public safety and corrections. In the letter, the police department “requested [the state’s] assistance in expediting the payment of monies due to Ms. Johnston” from the state supplemental pay program.
*14 On September 22,1997, Ms. Johnston filed a “Request for Hearing on Failure of City to Comply with Commission Directive for Payment, and Necessity of Sanctions,” stating that, as of September 11, 1997, she had not been paid all the monies due her. At its September 25,1997 meeting, the Commission recognized that although Ms. Johnston' had received some of the money owed to her, “certain compensations authorized by the State as supplemental pay may remain due and payable.” Thus, the Commission
directed filing of written briefs citing the amounts due, legal authority and permissible sources of payment. Said briefs will be filed within fifteen (15) days with response, if desired, before the next regular meeting of the Commission. The issue of appropriate sanctions will be settled at that time.
13At its October 23, 1997 meeting, the Commission found:
After hearing argument and viewing briefs submitted, the Commission finds clear legal precedent to conclude that the Appointing Authority is liable for all monies due [Ms. Johnston] as a result of the Commission’s decisions in these appeals, regardless of the normal source of funding.
The Department of Police is ordered to effect final payment of all sums due to [Ms. Johnston] prior to November 19, 1997. Such payment shall include an additional three hundred dollars ($300.00) paybable (sic) to [Mrs. Johnston] and like amount to her legal counsel, awarded as sanctions for the unreasonable delays in execution.
Failure to render full payment by this deadline will result in additional sanctions.
The police department appeals this ruling.
La.Rev.Stat. 49:113 provides:
Employees in the state or city civil service, who have been illegally discharged from their employment, as found by the appellate courts, shall be entitled to be paid by the employing agency all salaries and wages withheld during the period of illegal separation ...
In Hebbler v. New Orleans Fire Department, 310 So.2d 113 (La.1975), the Supreme Court relied upon La.Rev.Stat. 49:113 to conclude that an employee is entitled to recover the state supplemental pay portion of his salary and wages withheld during a period of illegal separation from his employer. The Court stated:
Hence, we conclude that the legislative intent was to make the reinstated employee whole. Since the state supplemental pay is part of Hebbler’s salaries and wages withheld during the period of illegal separation and was lost directly as a result of his illegal discharge^] ... he is entitled to be reimbursed for same by his employing agency. This is in accordance with the explicit mandate of R.S. 49:113. However, we are not passing upon the right, if any, of the [employer] to seek reimbursement from the state for the payment of the state supplemental pay herein ordered to be paid....
310 So.2d at 115-116.
In its appeal, the police department first argues that La.Rev.Stat. 33:2218.9, enacted in 1982 as part of the law establishing how state supplemental ^salaries are calculated and paid, was intended by the legislature to overrule Hebbler. This argument has no merit.
La.Rev.Stat. 33:2218.9 provides for authorization of back supplemental salary payments by a state board of review and approval of such payments by a legislative committee. The statute requires that back supplemental salary be paid' from state funds, but it does not prohibit the salary being paid by the employing agency subject to reimbursement by the state. The statute, tacitly or otherwise, does not overrule Hebbler. Moreover, the statutory basis for the Hebbler decision, La.Rev.Stat. 49:113, is still the law in this state. The police department further suggests that Hebbler should be overruled on policy grounds because otherwise, with the advent of routine appeals for civil service review on minor infractions and suspensions, employing agencies like the police department would be unduly burdened by having to seek reimbursement for minuscule amounts. We find no merit in this argument.
Moreover, as Ms. Johnston points out, had the police department timely submitted the *15 necessary paperwork to the state regarding her entitlement to back supplemental pay, instead of waiting until September 12, 1997 to notify the state, the Commission in all probability would not have had to force the police department to pay the state supplemental back pay. It is apparent from the record, as scant as it is, that the police department’s incessant and unnecessary delay tactics were the main impetus behind the Commission’s rulings.
The police department also assigns error to the Commission’s imposition of sanctions in this case. The police department claims that it acted in good faith, in seeking to employ the provisions of La’.Rev.Stat.-33:2218.9 to secure back supplemental pay for Ms. Johnston from the state fund instead of paying the amount itself and in merely disagreeing with the Commission’s interpretation of the law. We find this argument disingenuous. With no explanation as to why it | ¡-waited so long to contact the state, the police department, has no valid reason to complain about the Commission’s interpretation of what we believe is rather clear law.
Nevertheless, although the Commission Rules provide for the assessment of appropriate attorney’s fees for services occasioned by the City’s failure to comply timely with restoring back wages, the Rules do not provide for the assessment of a penalty paid to the employee, as given in this case. Rules of the Civil Service Commission, City of New Orleans, Rule II, Section 11.4. Nor does La.Rev.Stat. 49:950 et seq., Louisiana’s Administrative Procedure Act, assist Ms. Johnston in being able to obtain such an award.
Article 10, § 10(4) of the Louisiana Constitution vests the Commission with broad and general rulemaking and subpoena powers for. the administration and regulation of the classified service. Courts have held that an award of attorney’s fees may be part of an order restoring backpay to a classified employee. See Reimer v. Medical Center of Louisiana at New Orleans, 95-2799 (La.App. 4th Cir. 1/29/97), 688 So.2d 165, 169; Greenleaf v. DHH, Metropolitan Developmental Center, 594 So.2d 418 (La.App. 1st Cir.1991), writ denied, 596 So.2d 196 (La.1992). If the Commission may assess attorney’s fees then, we see no reason to prohibit the Commission from awarding appropriate attorney’s fees, albeit erroneously referring to the award as a sanction, after the appointing authority has required the successful employee to wait for an unreasonable amount of time for his back-pay.
Accordingly, we affirm the ruling of the Commission, but we amend that portion of the ruling to delete the sanction of $300.00 awarded to Ms. Johnston. We also amend the ruling to award the $300.00 in attorney’s fees to Ms. Johnston |6rather than to her attorney.

AFFIRMED AS AMENDED.

. It is undisputed that Ms. Johnston’s back pay includes her department wages, including overtime periods, as well as supplemental pay from the state authorized under La.Rev.Stat. 33:2218.1.