ZEPPORIAH EDMONDS

VERSUS

DEPARTMENT OF PUBLIC
WORKS

\* NO. 2023-CA-0641

\*

COURT OF APPEAL

\*

FOURTH CIRCUIT

\*

STATE OF LOUISIANA

\* \* \* \* \* \* \*

APPEAL FROM
CITY CIVIL SERVICE COMMISSION ORLEANS
NO. 8444 C\W 8467, 8485,
No Hearing Officer,
\* \* \* \* \* \*
**Judge Rachael D. Johnson**
\* \* \* \* \* \*

(Court composed of Judge Roland L. Belsome, Judge Rachael D. Johnson, Judge Karen K. Herman)

Christina L. Carroll
CITY OF NEW ORLEANS CIVIL SERVICES COMMISSION
1340 Poydras Street
Suite 900
New Orleans, LA 70112

COUNSEL FOR PLAINTIFF/APPELLEE

Elizabeth Robins
William R. H. Goforth
Donesia D. Turner
Corwin M. St. Raymond
CITY ATTORNEY
1300 Perdido Street
Suite 5E03
New Orleans, LA 70112

COUNSEL FOR DEFENDANT/APPELLANT

**AFFIRMED IN PART, REVERSED IN PART**
**May 7, 2024**

This is an appeal from the New Orleans Civil Service Commission's ("The Commission") criminal contempt judgment against the Department of Public Works ("DPW") and its Director Sarah Porteous ("Director Porteous"). For the following reasons, we affirm the Commission's criminal contempt judgment against DPW but reverse their criminal contempt judgment against Director Porteous.

**FACTS AND PROCEDURAL HISTORY**

In February 2019, DPW failed to comply with the Commission's Order to reinstate Ms. Zepporiah Edmonds ("Ms. Edmonds"), a city of New Orleans classified employee, to her job as Parking Administrator. As a result, the Commission awarded $4,309.50 in attorney's fees on May 5, 2022, and $429.00 on November 4, 2022 to Ms. Edmonds (collectively referred to as the "Attorney's Fees Judgments"). The Commission ordered DPW and Director Porteous (collectively referred to as "Appellants"), to pay the Attorney's Fees Judgments on or before ten days from the date the orders were issued. According to Appellants, they did not pay the Attorney's Fees Judgments because the City of New Orleans Law Department ("City's Law Department") advised them to treat the Attorney's

Fees Judgments as money judgments. By classifying the Attorney's Fees Judgments as money judgments, Appellants placed the Attorney's Fees Judgments on the City Council's unpaid judgment list.

After Appellants failed to pay the Attorney's Fees Judgments, the Commission filed a motion on April 17, 2023, to set a criminal contempt trial, which was held on June 23, 2023. On August 4, 2023, the Commission issued its contempt judgment and imposed a $500.00 fine against each of the Appellants for their refusal to comply with the order awarding Ms. Edmonds her Attorney's Fees Judgments. On August 23, 2023, Appellants complied with the Commission's order, ultimately paying the Attorney's Fees Judgments at issue.

On appeal, Appellants raises three assignments of error: (1) the Commission lacked jurisdiction to hold Appellants in criminal contempt; (2) the contempt judgment is an unlawful attempt to enforce money judgments against the City of New Orleans; and (3) the Commission erroneously held Director Porteous personally responsible for failing to comply with the money judgments against DPW.

## STANDARD OF REVIEW

When an Appellate Court reviews a decision made by the Commission, a mixed standard of review is applied depending on the issues at hand. *See Morrison v. New Orleans Police Department*, 22-0051, p. 7 (La. App. 4 Cir. 7/13/22), 344 So. 3d 259, 265. This mixed standard of review is described in *Russell v. Mosquito Control Bd.*, which states:

> In *Banks v. New Orleans Police Dep't.*, 01-0859, p. 3
> (La. App. 4 Cir. 9/25/02), 829 So. 2d 511, 513–14, we

3

articulated the standard of review in civil service cases. First, the review by appellate courts of the factual findings in a civil service case is governed by the manifest error or clearly erroneous standard. Second, when the Commission's decision involves jurisdiction, procedure, and interpretation of laws or regulations, judicial review is not limited to the arbitrary, capricious, or abuse of discretion standard. Instead, on legal issues, appellate courts give no special weight to the findings of the trial court, but exercise their constitutional duty to review questions of law and render judgment on the record. A legal error occurs when a trial court applies the incorrect principles of law and such errors are prejudicial. Finally, a mixed question of fact and law should be accorded great deference by appellate courts under the manifest error standard of review. *See Stern v. New Orleans City Planning Comm'n*, 2003-0817, pp. 5-6 (La. App. 4 Cir. 9/17/03), 859 So. 2d 696, 699–700.

*Russell v. Mosquito Control Bd.*, 06-0346, pp. 7-8 (La. App. 4 Cir. 9/27/06), 941 So. 2d 634, 639-40.

In this case, the main issue is whether the Commission has jurisdiction to issue a criminal contempt judgment against Appellants. As such, this Court will conduct a *de novo* review.

## DISCUSSION

### *Jurisdiction*

Appellants first argue that the Commission did not have jurisdiction to hold them in criminal contempt and fine them each $500.00. Appellants assert that the Commission cannot grant itself judicial power absent an express grant from the Constitution. Appellants rely on *In re Investigation of Lauricella*, where the First Circuit Court of Appeal held that "the Constitution does not vest jurisdiction in the Commission to punish members of the unclassified service for contempt by the imposition of fines." *In re Investigation of Lauricella*, 546 So. 2d 207, 211 (La.

4

App. 1 Cir. 1989). *In re Lauricella*, 548 So. 2d 330 (La. 1989). The court further explained that although "the Commission is vested with broad rule-making powers under the constitution, its jurisdictional powers to resolve disputes before it and impose penalties in particular situations is limited by the Constitution. The Commission can neither extend nor limit the jurisdiction conferred upon it by the Constitution." *Id.* at 209. The Louisiana Supreme Court further expounded the Commission's jurisdiction in *Louisiana Dep't of Agric. & Forestry v. Sumrall*. In *Louisiana Dep't of Agric. & Forestry v. Sumrall*, the Court found that expanding the quasi-judicial powers of the Commission is in conflict with the separation of powers doctrine and encroaches on the power given to the district courts. *Louisiana Dep't of Agric. & Forestry v. Sumrall*, 98-1587, pp. 12-13 (La. 3/2/99), 728 So. 2d 1254, 1263. Because the Constitution does not explicitly grant the Commission power to issue a contempt judgment, nor the power to expand their quasi-judicial powers, Appellants assert that the Commission does not have jurisdiction to hold Appellants in contempt. After reviewing the record, we find that this assignment of error is without merit.

This Court has previously recognized that the Commission "has exclusive jurisdiction over classified civil service employer-employee disputes that are employee related." *Akins v. Hous. Auth. of New Orleans*, 03-1086, p. 2 (La. App. 4 Cir. 9/10/03), 856 So. 2d 1220, 1221, (quoting *Eberhardy v. Levasseur*, 603 So. 2d 844, 846 (La. App. 4 Cir. 1993)). This exclusive jurisdiction is further supported in the La. Const. art. X, § 10 (A)(1) and (4), which states in relevant part:

> (1) Powers. (a) Each commission is vested with broad and general rulemaking and subpoena powers for the administration and regulation of the classified service, including the power to adopt rules for regulating

5

employment, promotion, demotion, suspension, reduction in pay, removal, certification, qualifications, political activities, employment conditions, compensation and disbursements to employees, and other personnel matters and transactions; to adopt a uniform pay and classification plan; to require an appointing authority to institute an employee training and safety program; and generally to accomplish the objectives and purposes of the merit system of civil service as herein established.

…

(4) Effect. Rules adopted pursuant hereto shall have the effect of law and be published and made available to the public.

In addition to these broad and general rule making powers granted to the Commission, the penalties for violating this provision are provided in La. Const. art X, § 11. La. Const. art X, § 11 states that "[w]illful violation of any provision of this Part shall be a misdemeanor punishable by a fine of not more than five hundred dollars or by imprisonment for not more than six months, or both."

In the case *sub judice*, Ms. Edmonds is a classified employee of New Orleans and DPW is her appointing authority. The Attorney's Fees Judgments arose from DPW's failure to reinstate Ms. Edmonds as Parking Administrator. The Commission has exclusive jurisdiction over this dispute because DPW is Ms. Edmonds' employer, she is a classified employee, and the issue involves Ms. Edmonds' employment. La. Const. art. X, § 10 (A)(1) vested the Commission with authority to "require an appointing authority … to accomplish the objectives and purposes of the merit system of civil service as herein established." A method to help them accomplish this goal is through the penalties outlined in La. Const. art X, § 11, which allowed the Commission to fine the appointing authority five hundred dollars, six months of imprisonment, or both, if there was a violation of

La. Const. art X, § 10 (A). La. Const. art X, § 10 (A)(4) allows the adoption of the Civil Service Rules to have the effect of law. The Commission relied on Civil Service Rule II, Section 8.5 to enforce their contempt judgment. The rule states:

> (a) When a person has committed a contempt of the Commission or a Hearing Examiner in the presence of the Commission or a Hearing Examiner, he/she may be found guilty and punished therefore by the Commission or Hearing Examiner forthwith, without any trial other than affording him/her an opportunity to be heard orally by way of defense or mitigation.
>
> (b) When a person is charged with committing a contempt outside of the presence of the Commission or a Hearing Examiner, he/she shall be tried by the Commission on a Rule to show cause alleging the facts constituting the contempt. The Rule may be issued by the Commission or Hearing Examiner on its own motion, or on motion of the Director.
>
> (c) A copy of the motion and of the Rule shall be served on the person charged, in the manner of a subpoena, not less than forty-eight hours prior to the time assigned for trial of the Rule.
>
> (d) If a person charged with contempt is found guilty, the Commission shall render an order reciting the facts constituting the contempt, adjudging the person charged with the contempt guilty thereof, and specifying the punishment imposed pursuant to Article X, § 11 of the Louisiana Constitution.

The Commission followed each step listed in Civil Service Rule II, Section 8.5, which granted them the ability to issue a contempt judgment and fine DPW $500.00 under La. Const. art X, § 10 (A)(4) and § 11.

Appellants' reliance on *Lauricella* and *Sumrall* to argue that the Commission lacks jurisdiction is misguided. *Lauricella* is inapplicable here because it did not involve an employment relationship between an appointing authority and a classified employee. *Lauricella* involved an unclassified employee.

7

*Lauricella*, 546 So. 2d 207. This Court has established that the Commission has exclusive jurisdiction over employment related civil service employer-employee disputes; therefore, the Commission has jurisdiction over this issue. Similarly, *Sumrall* does not apply here because the case did not address the Commission's power to issue a Contempt judgment. In *Sumrall*, the Commission's quasi-judicial power in question was whether they had jurisdiction to address any individual's cause of action based on a form of discrimination, which is not the issue in this present case. *Sumrall*, 98-1587, p. 15, 728 So. 2d at 1264.

We find that the Commission did not expand their quasi-judicial powers and in fact does have jurisdiction to issue the contempt judgment and order the $500.00 fine against DPW pursuant to La. Const. art. X, § 10 and § 11.

### Unlawful Attempt to Enforce Attorney's Fees Judgments

For the second assignment of error, Appellants argue that the Commission unlawfully attempted to enforce the order of Attorney's Fees Judgments with the contempt judgment. Appellants rely on La. Const. art. XII, § 10(c), which states that "[n]o judgment against the state, a state agency, or a political subdivision shall be exigible, payable, or paid except from funds appropriated therefor by the legislature or by the political subdivision against which the judgment is rendered". Appellants assert that using criminal contempt judgment penalties to coerce Appellants to pay Ms. Edmonds Attorney's Fees Judgments violates La. Const. art. XII, § 10(c) because it infringes on the City's constitutionally protected right to determine how to allocate public funds. Appellants rely on the Louisiana Supreme Court case *Newman Marchive Partnership, Inc. v. City of Shreveport*, 07-1890, p. 4 (La. 4/8/08), 979 So. 2d 1262, 1265, which addresses the enforcement of money

judgements against political subdivisions of the state. The Louisiana Supreme Court stated that "the constitution does not provide the judiciary with the ability to execute those [money] judgments," and instead the power to execute those money judgments belonged to the legislature. *Id.* Appellants contend that the Attorney's Fees Judgments issued by the Commission equate to money judgments issued by the district court because they are both payments of a sum of money. Thus, the Commission should not have power to enforce the Attorney's Fees Judgments because it violates La. Const. art. XII, § 10(c) and instead that power is reserved for the legislature. After reviewing the record, we find that this assignment of error is without merit.

We find that attorney's fees are not the same as money judgments, therefore the Commission did not violate La. Const. art. XII, § 10(c). Money judgments have been defined as "a judgment which orders the payment of a sum of money." *Madere v. Madere*, 95-88, p. 2 (La. App. 5 Cir. 5/30/95), 656 So. 2d 1108, 1109 *rev'd on other grounds*, 95-1635 (La. 10/16/95), 660 So. 2d 1205 (citing *Succession of Moody*, 306 So. 2d 869 (La. App. 1 Cir. 1974). An award of attorney's fees by the Commission is viewed by Courts as an order to restore back pay to a classified employee. *Johnston v. Dep't of Police*, 97-2748, p. 5 (La. App. 4 Cir. 4/22/98), 715 So. 2d 12, 15. Furthermore, attorney's fees awarded by the Commission is acknowledged as a discretionary act that is permissible if the appointing authority was unreasonable and an abuse of discretion was shown. *Perry v. Department of Law*, 17-0609, p. 8 (La. App. 4 Cir. 1/31/18), 238 So. 3d 592, 598 (quoting *Ray v. Department of Labor*, 08-0309, p. 4 (La. App. 1 Cir. 11/3/08) 998 So. 2d 206, 209). The award of attorney fees as an equitable relief is

9

consistent with the power vested in the Commission granted by La. Const. art X, § 10. *Johnston*, 97-2748, p. 5, 715 So. 2d at 15. In contrast, the Courts have recognized that the Commission does not have the power to award money judgments. *Johnson v. Bd. of Supervisors of Louisiana State Univ. & Agr. & Meeh. Coll.*, 45,105, p. 8 (La. App. 2 Cir. 3/3/10), 32 So. 3d 1041, 1046. Because there is a difference between money judgments and attorney's fee judgments, there is no conflict between the Commission's issuance of the Attorney's Fees Judgments and previous court decisions prohibiting the Commission to issue money judgments. We find that there is no violation of La. Const. art. XII, § 10(c) in the Commission enforcing the Attorney's Fees Judgments.

### *Director Porteous*

Finally, Appellants argue that Director Porteous should not be subject to the $500.00 fine issued by the Commission because she was not acting in her personal capacity when she failed to comply with the Commission's order. Furthermore, if Director Porteous was fined in her official capacity as acting director of DPW, then she should not be fined because DPW itself was already fined $500.00 for their failure to pay the Attorney's Fees Judgments. The Commission contends that Director Porteous, in her official capacity, was deemed an appointing authority and she had the power to award Ms. Edmonds her Attorney's Fees Judgments. The Commission argues that if they cannot hold an appointing authority responsible, then the appointing authority can refuse to comply with an order or rule with no consequence. After reviewing the record, we find that this assignment of error has merit.

10

To distinguish between an employee in their personal and official capacity, we rely on *Driscoll v. Stucker* and *Smith v. Housing Authority of New Orleans*. *Driscoll v. Stucker* describes a personal capacity suit as one that "seek[s] to impose personal liability upon a government official for actions he takes under color of state law causing the deprivation of a constitutional right." *Driscoll v. Stucker*, 04-0589, p. 27 (La. 1/19/05), 893 So. 2d 32, 52. *Smith v. Housing Authority of New Orleans* describes a suit against a state official in their official capacity as a suit against the state or office itself, rather than against the official. *Smith v. Housing Authority of New Orleans*, 17-0038, p. 3 (La. App. 4 Cir. 6/28/17), ___ So. 3d ___, 7, (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304, 2312, 105 L. Ed. 2d 45 (1989)). If "the government entity receives notice and an opportunity to respond, … [then the suit is] to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 165, 105 S. Ct. 3099, 3105, 87 L. Ed. 2d 114 (1985) (citing *Brandon v. Holt*, 469 U.S. 464, 471-472, 105 S. Ct. 873, 878, 83 L. Ed. 2d 878 (1985). La. R.S. 33:9662(4) defines a local government official or official to mean "an elected official, an appointed official, or an employee in a local government agency."

In the case *sub judice*, Director Porteous is considered a government official because she is an employee for DPW, a government agency. The Commission asserted that the criminal contempt order was made against Director Porteous in her official capacity. As defined by *Smith*, an official capacity suit is alternative to suing the entity itself. *Smith*, 17-0038, p. 3, ___ So. 3d ___ at 7. Furthermore, Appellants received notice and had an opportunity to respond to the order of Attorney Fee Judgments. The Commission sent the order to pay the Attorney Fee

11

Judgments to DPW and DPW, after consulting with the City's Law Department, refused to pay. As stated earlier, a government entity receiving notice and having the opportunity to respond would deem the suit as being treated against the entity. *Graham*, 473 U.S. at 165, 105 S. Ct. at 3105. With DPW being fined and held in criminal contempt, holding Director Porteous to the same punishment is unnecessary and would be double punishment towards DPW. As such, we find that Director Porteous should not be held in criminal contempt and the $500.00 fine is to be rescinded.

## DECREE

For the foregoing reasons, we affirm in part and reverse in part. We find no manifest error as it pertains to the Commission issuing a contempt judgment and $500.00 fine to DPW. However, we reverse the contempt judgment and $500.00 fine assigned to Director Porteous.

**AFFIRMED IN PART, REVERSED IN PART**